## AMOS WADE v. THE CITY OF NEWBERN.

Although section 133, C. C. P., in terms, applies only to a Judge of the
Superior Court, the spirit and equity of its provisions equally extend
to this Court; and the same power resides here to relieve from a judg-
ment taken against a party through "mistake, inadvertence surprise
or excusable neglect." And where it appears that the bond, on an
appeal to the Supreme Court, was not filed in the time prescribed by
law, through mistake and excusable neglect on the part of the ap-
pellant, the judgment rendered here will be vacated.

(The cases of the *Rail Road Co.* v. *Vinson*, 8 Jones 119; *Griel* v. *Vernon*,
66 N. C. Rep. 76; and *Love* v. *Commissioners of Chatham*, cited and
approved.)

PETITION by defendant to *re-hear* this case, dismissed at the
last term of this Court for the reason that an appeal bond had
not been filed within the time prescribed by law.

The facts are fully stated in the opinion of Justice BYNUM.

*Smith & Strong* and *Haughton*, for petitioner.
*Green* and *Fowle*, contra.

BYNUM, J. At the last term of this Court, 72 N. C. Rep.,
498, the appeal in this case was, on motion, dismissed, because
the undertaking required upon appeal, had not been filed with-
in the ten days from the rendition of judgment, as prescribed
by the Code, secs. 203 *et seq.*, and no legal excuse for the omis-
sion to file the bond, was made to appear. As a sufficient ex-
cuse might have existed, leave was given to the appellant, upon
laying a proper foundation therefor, to move the Court, there-
after, for a *certiorari* to bring up the case for review as on ap-
peal. That motion is now made upon affidavits which are met
by counter-affidavits. Most of these affidavits are irrelevant,
because they relate only to the matters which delayed the per-
fecting the appeal in other respects, than the filing the under-
taking. Those most material to the very point, are the affida-
vits of James Campbell and A. S. Seymour, Esqs. From

these we ascertain the following facts: That Campbell was Mayor of the defendant City of Newbern, and representing it in this action. That Mr. Seymour was the city attorney, and was entrusted with the conduct of the cause, and relied upon by the Mayor to do, or have done, all things necessary to the management of the case to its ultimate termination. That the said attorney did not instruct him to file an undertaking on appeal, or inform him that it was required, and that as soon as he understood that it was required, he immediately filed the bond, having at no time any intention of abandoning the appeal, and believing that the merits were with the city; that Mr. Seymour was laboring under the belief that he had informed the Mayor that the bond had to be filed, which belief was erroneous, as Mr. Campbell swears. These facts bring this case clearly within the principle of the *Railroad Co.* v. *Vinson,* 8 Jones, 119. There a railroad president gave instructions to a station agent to attend the trial of a suit against the company, and in case of a recovery against it, to appeal ; but the agent, through ignorance, failed to give an appeal bond. This was held to be not such laches on the part of the president as to deprive the company of the right to a *recordari.* To the same effect is *Griel* v. *Vernon,* 65 N. C. Rep., 76. There a judgment was taken by default for want of a plea, because the attorney who was employed to enter the plea, neglected to do so, and the facts found were held to constitute surprise or excusable negligence.

Although C. C. P., sec. 133, in terms, applies only to a Judge of the Superior Court, the spirit and equity of its provisions extend equally to this Court, and the same power resides here to relieve from a judgment taken against a party through " mistake, inadvertence, surprise or excusable negligence." The facts of this case now appearing, show that the appeal bond was not filed in the time prescribed by law, through mistake and excusable neglect on the part of the defendant.

As the provisions of C. C. P., prescribing the rules for perfecting an appeal and the time within which it must be done,

have been explained and interpreted in the former decision of this case, 72 N. C. Rep., 498, the Court will hereafter enforce them, without any departure, except in those cases where the appellant can bring himself strictly within one of the exceptions specified in section 133. As was said in *Love* v. *Commissioners of Chatham*, " there is no use in having a scribe unless you cut up to it."

The very purpose of the Code of Civil Procedure, was to establish regulations for the government of actions in all their stages. This case affords an apt illustration both of the propriety of such rules and the evils of a departure therefrom ; for had they been observed and adhered to, the Court and the parties would have been saved much time and trouble.

Motion of defendant is allowed.

PER CURIAM.                    Motion allowed.