*W. A. SMITH, Adm'r. v. M. A. ABRAMS and others.

*Appeal will be Dismissed where Surety does not Justify—Certiorari.*

An appeal was dismissed, upon motion, for the reason that the surety to the bond had not justified; and the appellant then applied for the writ of *certiorari*, stating as an excuse for non-compliance with the statute that it was not the practice in that court for sureties to justify, and that he was not aware of the recent decisions enforcing the statutory obligation; *Held*, that upon his own showing he is not entitled to the writ. The court will require a strict compliance with the statute regulating appeals.

(*Wade* v. *Newbern*, 73 N. C., 318; *Elliott* v. *Holliday*, 3 Dev., 377; *Harshaw* v. *McDowell*, 89 N. C., 181, cited and approved).

PETITION by defendant for *certiorari* heard at February Term, 1884, of THE SUPREME COURT.

*Mr. Justice ASHE did not sit on the hearing of this case.

*Mr. James A. Lockhart*, for plaintiff.
*Messrs. Battle & Mordecai* and *J. D. Shaw*, for defendants.

Smith, C. J. The application is for an order to bring up the record of the cause determined at fall term, 1881, of the superior court of Anson, the transcript of which, upon the petitioner's appeal, was filed in this court at February term, 1883, and the appeal dismissed for insufficiency in the appellants' undertaking, in that the surety thereto had not justified.

The only reasons now assigned for the granting of the writ, and in excuse for non-compliance with the requirements of the statute, are, that it was not a uniform practice in that court for the surety to make oath to his ability to meet his obligation, and that where the bond was produced before the clerk it was accepted by him as sufficient, and that appellants were not then aware of the recent ruling of this court in enforcing this statutory obligation.

In opposition to these averments it is shown in the affidavits of the plaintiff, William A. Smith, that both the intervening creditor and appellant, James B. Lindsey, who executed the bond, and the surety, Jesse M. Smith, were insolvent, sustaining this charge against the latter by extracts from the list of taxables for the years 1881 and 1882. Their affidavits are accompanied with that of the clerk, whose recollection is that when the said Lindsey and his counsel came into his office and inquired of him if the proposed surety would do, his answer was he supposed he would; that the bond was a few days later brought into the office and handed to affiant, who, on examination, discovered the omission of any verification and called it to the attention of the counsel; that thereupon some unremembered conversation took place, and affiant said: " I suppose that Jesse M. Smith would justify if present, and I suppose it will do anyhow."

He further states that he has been in office since September, 1874, and does not recollect, except in the present and one other case, ever to have seen an unjustified appeal bond taken and

sent up, and the general practice has been to have such justification.

If the petitioner's own statements furnished any satisfactory grounds for the omission to pursue the plain directions of the statute, and we think they do not, for the interference of the court in relieving the appellants, they are removed by the uncontradicted affidavits offered in opposition.

The granting of the present application would be to declare, in substance, that any disregard of the law in prescribing the conditions of an effectual appeal might be disregarded, and a remedy found in this writ. Ever since the decision in *Wade* v. *Newbern*, 73 N. C., 318, the purpose has been manifest to enforce the indispensable requisites of the law in perfecting an appeal, when the appellee sought to avail himself of them, and such has been the unvarying current of subsequent rulings. The cases are collected in the note to section 560 of Clark's Code. Some relaxation perhaps was necessary at first, as inattention to the act had induced a practice of not insisting on its provisions to an extent that seemed to warrant the awarding of the writ upon the ground of surprise. But it does not follow that where the appeal is lost this remedy is open to the appellant, unless there be sufficient reason for the failure. The writ of *certiorari* now issues, "as heretofore in use" by the act of 1874–75, ch. 100, and we must look to the former practice for the rules governing its issue.

Among the many cases before this court we do not deem it necessary to advert to but one, and in this the facts are not very unlike those set out in the application before us. *Elliott* v. *Holliday*, 3 Dev., 377. The defendant filed an affidavit stating that he was ignorant of the rule requiring the appeal bond to be executed during the term of the county court; that he thought it sufficient if the appeal was allowed by the court, and that the bond could be executed at any time; that he had brought his sureties to the clerk, but finding him busy, he had, under an erroneous impression, requested them to attend after its expiration. There

was also an averment of merits. The *certiorari* was awarded in the superior court, and, upon the plaintiff's appeal, declared to be erroneous, and DANIEL, J., said :

"The defendant does not come within any of the cases decided in this state. *Chambers* v. *Smith*, 1 Hay., 366; *Collins* v. *Noll*, *Ib.*, 224. There does not appear to be any misconduct either in the court or the clerk ; no management, fraud or contrivance by the adverse party, nor any inability in the applicant to give sureties during the term. The only reasons offered are that the defendant was ignorant of the law, and that the clerk was very busy and he did not wish to disturb him. It is a rule that ignorance of the law excuses no man."

Assuming all that the applicant states to be true, no legal excuse is furnished for the omission of the prescribed verification of the bond, without which it is of no effect. C. C. P., §310 ; *Harshaw* v. *McDowell*, 89 N. C., 181.

The application must be denied and it is so adjudged.

Motion denied.