B. B. WINBORN v. W. A. BYRD.

## Appeal—Certiorari—Duties of Counsel.

1. Where the appellant's counsel told him that he (the counsel) would do everything necessary towards perfecting his appeal, but the counsel failed to file a proper appeal bond ; *Held,* no ground for a *certiorari.*

2. If an appellant fails to perfect his appeal, either by his own negligence, or that of his agent, he loses it absolutely.

3. In this class of cases, the appellant is only entitled to the writ of *certiorari* as a substitute for an appeal, where he has lost his appeal by no act or neglect of his own, or of his agent, but by the error or neglect of the Court or its officers, or by the contrivance of the appellee or his agent, or by their acts or declarations, reasonably calculated to mislead, or where by some insurmountable obstacle, he is prevented from perfecting his appeal.

4. It is immaterial that it was the appellant's counsel who neglected to file a proper appeal bond, as it was not his duty as counsel to do so.

5. *It seems,* that any neglect by an attorney of his duties as counsel, will entitle a party to relief.

(*Davis* v. *Marshall,* 2 Hawks 59. ; *Baker* v. *Halstead,* Busb. 41; *McConnell* v. *Caldwell,* 6 Jones 469 ; *Griel* v. *Vernon,* 65 N. C. 76 ; *Francks* v. *Sutton,* 86 N. C. 78 ; *Geer* v. *Reams,* 88 N. C. 197 ; *Elliottt* v. *Holliday,* 3 Dev. 377, cited and approved).

This was a petition for a writ of *certiorari* as a substitute for an appeal.

The facts are fully stated in the opinion.

*Mr. R. B. Peebles* for the plaintiff.
No counsel for the defendant.

MERRIMON, J.   The plaintiff obtained judgment against the defendant at the Spring Term of 1883 of the Superior Court of the county of HERTFORD, and the defendant appealed to this court.

At the February term of 1884 of this court, the appellee in that appeal moved to dismiss the same upon the ground that the undertaking upon appeal had not been justified.   The motion was allowed and the appeal dismissed.

This is an application for the writ of *certiorari* to bring up the case and have it heard as upon the appeal thus dismissed. Granting that there was reasonable cause for the appeal, lost as above indicated, the petitioner fails to state and show such grounds for his application as entitle him to the writ as prayed for in his petition.

It appears that he took the appeal, but did not give the undertaking required by law; that his counsel informed him, in reply to his inquiry, that he need not remain longer at the court on account of his suit, or give his appeal any further attention, that he, the counsel, "would do all that was necessary further to be done in the premises, and see that his case was properly carried to the Supreme court," and that, relying upon his counsel to perfect the appeal he gave it no further attention. His counsel gave the undertaking upon appeal for the sum of money designated by the court, but he neglected to justify the same as required by the statute.

The law requires the appellant in all cases to perfect his appeal in the way it prescribes, and if he fails to do so by reason of his own neglect or that of his agent, he loses it absolutely. Mere ignorance of the legal requirements in executing or filing the undertaking upon appeal will not excuse and entitle him to the writ of *certiorari;* nor will he be entitled to it, if he relies upon the promise of a third party, as his counsel or agent, to perfect the appeal, and through forgetfulness, such counsel or agent fails to do so within the time, or in the way prescribed by law. He is presumed to know the law, and must inform himself in respect to what it requires of him, and he must be responsible for the acts, or the failure to act, in proper cases and respects, of his agents. He, and they as well, must be diligent and careful in complying with the requirements of the law; it will not excuse or help the slothful, the careless and negligent litigant; he sleeps upon his rights, forgets and neglects his duties at his peril. He must faithfully do what the law requires of him, and it will not excuse his neglect or that of his agent.

In cases like that before us, it is only where the appellant fails to perfect his appeal by reason of some error or improper act of the court, or the neglect or omission of the clerk of the court, or the contrivance of the appellee or his agent, or some act done or something said by them reasonably calculated to mislead the appellant, or some interposing obstacle beyond his control or power to avert it, that he becomes entitled to the writ of *certiorari*, to bring up his case for review and the correction of errors assigned. He becomes entitled to this writ, because, by no act or neglect of his own, but by the declarations, or the act, or the failure to act, of some person not his agent, on whom he had the right to rely, or by whom he is governed, or the interposition of some obstacle he could not control or avert, he has failed to do, or been prevented from doing what is required of him by the law in perfecting his appeal. *Elliott* v. *Holiday,* 3 Dev. 377; *Davis* v. *Marshall,* 2 Hawks 59; *Baker* v. *Hulstead,* Busb. 41; *McConnell* v. *Caldwell,* 6 Jones 469; *Clark's Code,* 325—327, and cases there cited.

The case is not altered by the fact that it was the counsel of the appellant who engaged to perfect the appeal. In that respect he was not counsel, nor was it any part of his duty as counsel to do so—he was simply the agent of the appellant for that purpose. He had not failed or misled his client as to anything he said, or did, or ought to have done as counsel; if his duty as counsel required that he should do something that he failed to do, to the prejudice of his client, it might be, in some cases, that such failure would be cause for relief like that sought in this application. This is so, because the counsel has the legal right to conduct cases and matters in courts of justice, and their clients may with the sanction of the law, to some extent, rely upon them to do what in the course of their duties as counsel they ought to do. Hence, where a litigant had employed counsel to enter his pleas in an action, and the counsel had failed to do so, this was held to be surprise, and the failure of the client to see that his pleas were

entered, was held to be excusable neglect. *Griel* v. *Vernon*, 65 N. C. R. 76; *Francks* v. *Sutton*, 86 N. C. R. 78; *Geer* v. *Reams*, 88 N. C. R. 197.

This case is one of plain, inexcusable neglect in the eye of the law, and the application must be denied and the petition dismissed.            *It is so ordered.*