J. TURNER, et als., v. A. M. POWELL, et als.

## Certiorari—Appeal.

1. Ignorance of the legal requirements in executing and filing the undertaking upon appeal will not entitle an appellant to a writ of *certiorari* in lieu of an appeal.

2. The ignorance or carelessness of the appellant's counsel in preparing the appeal bond, will not entitle the appellant to a writ of *certiorari* in lieu of an appeal, where the appeal is lost because the bond is imperfect.

(*Winborn* v. *Byrd*, 92 N. C., 7; *Suiter* v. *Brittle*, *Ibid.*, 53. cited and approved).

APPLICATION by the defendants for a *Certiorari* in lieu of an appeal, heard at October Term, 1885, of the Supreme Court.

The petitioners appealed from a judgment rendered against them in the Superior Court of the county of Catawba in the action of *J. Turner, et al.*, v. *A. M. Powell, et al.*, pending therein, to the last Spring Term of this Court.

A motion was made at that term to dismiss the appeal, because there did not appear to be an undertaking upon appeal as required by law. That motion was allowed. Afterwards, during that term, it was made to appear that such undertaking had been given, but had been mislaid, and through oversight had not been sent up with the transcript of the record, as regularly it ought to have been, and a motion was made to reinstate the appeal upon the docket. This motion was resisted upon the ground that the affidavit of the sureties, or one of them, justifying the undertaking, failed to state that he was worth *double* the amount of money therein specified, and it so appearing, their motion was denied.

Thereupon the appellants filed their present petition, praying for the writ of *certiorari* as a substitute for their lost appeal. It sufficiently appears that there was reasonable cause for their appeal taken, and they assign as excuse for failing to perfect their appeal as required by law, that in perfecting it, they had

employed an attorney "who wrote out an undertaking which was signed by each of the said appellants and by H. D. Abernathy and O. M. Royster, as sureties, before a notary public, or a justice of the peace of said county, as your petitioners were advised by their said attorney was sufficient, and the same was sent by mail (postage paid) to the Clerk of the Superior Court of Catawba county. * * * · * That they have never abandoned their said appeal or intended to do so, but have always intended, and have done all in their power under the advice and supervision of their counsel, to prosecute the same."

*Messrs. D. Schenck, L. M. McCorkle* and *Batchelor & Devereux*, for the plaintiffs.

*Messrs. Geo. V. Strong* and *F. L. Kline*, for the defendants.

MERRIMON, J., (after stating the facts). It is plain that the petitioners fail to show any sufficient legal excuse for their failure to perfect their appeal as required by the statute in such cases. It has been decided repeatedly that "mere ignorance of the legal requirements in executing or filing the undertaking upon appeal will not excuse and entitle him (the appellant) to the writ of *certiorari* as a substitute for the lost appeal." The appellant is always "*presumed* to know the law, and must inform himself in respect to what is required of him." "He must be diligent and careful in complying with its requirements;" "it will not excuse or help the slothful, the careless and negligent litigant; he sleeps upon his rights, forgets and neglects his duties at his peril." *Winborn* v. *Byrd*, 92 N. C., 7; *Suiter* v. *Brittle, Ibid.*, 53.

But the counsel for the petitioners earnestly insisted on the argument that they acted upon the advice of counsel and were advised or misled by him. We do not concede that such excuse, if it existed, would be sufficient. The ignorance or carelessness of counsel, certainly outside of the scope of his duty in the course of his action, could not be allowed to prejudice the opposing party. It is the misfortune or neglect of a party to

employ counsel unskilled in the law, clearly so, in respect to matters about which there can be no doubt. It is not the province of the Court to aid one party to the prejudice of another, simply because his counsel gave him bad advice.

If, however, this were so, it is not alleged in the petition, nor does it appear, by affidavit or otherwise, that the intelligent counsel named in the petition advised the petitioners that the affidavit made by the sureties to the undertaking was sufficient. The strong probability is, he did not. It is presumed that he knew the law and advised his client correctly, if at all. Besides, no affidavit of himself or any one else is offered to prove that he did. The undertaking now on file appears to be in one handwriting, probably that of the counsel, while the affidavit of the sureties appended to it is in a different one, purporting to be that of the justice of the peace.

From what appears, it seems that the counsel may have advised that it would be sufficient to make the affidavit before a notary public or a justice of the peace. If so, this was correct; but this did not imply that such affidavit as was made was sufficient.

This is the ordinary case of negligent mistake in such cases, such as we have no authority to correct or aid. The appellees in the appeal, who are the respondents here, insist upon their rights, and these are such under the statute, very explicit and mandatory in its terms, as we must observe and administer. The petition must be dismissed.

Petition dismissed.