JOHN W. WILEY v. GEORGE W. LOGAN.

*Excusable Negligence—Printing Record.*

1. The spirit and equity of §274 of the Code, apply to the Supreme Court, an the same relief will be administered here as in the Superior Court, upon proper case.

2. There is a well recognized distinction between the negligence of a party and that of his attorney. The omission of an attorney, retained in a cause, to perform his duty, makes a case of excusable negligence for his client.

3. The rule that the negligence of an attorney will not be visited on his client, applies with greater force to appeals in the Supreme Court than to actions in the Courts below, because the client is not required to give his personal attention to his appeal in the Supreme Court.

4. So where an appellant employed counsel to attend to his appeal, who failed to have the record printed, and the case was dismissed, *It was held* excusable negligence on the part of the appellant, and his appeal would be reinstated.

( *Wade* v. *Newberne*, 73 N. C., 318 ; *Horne* v. *Horne*, 75 N. C., 191 ; *Griel* v. *Vernon*, 65 N. C., 76 ; *Bradford* v. *Coit*, 77 N. C., 72 ; *Mebane* v. *Mebane*, 80 N. C., 34 ; *Wynne* v. *Prairie*, 86 N. C., 73 ; *Ellington* v. *Wicker*, 87 N. C., 14, cited and approved).

Motion by the plaintiff to re-instate an appeal on the docket of this Court, heard at February Term, 1886, of the SUPREME COURT.

The appeal was dismissed at the last Term, because the record had not been printed.

The petitioner represents that a judgment was rendered against him in favor of defendant, at the October Term, 1885, of Mecklenburg Superior Court, from which he took an appeal to this Court, and all the necessary steps, under the law and rules of this Court, were taken to perfect the same, and it was duly docketed in this Court.

That he was a plain farmer, and knew nothing about the rules requiring the record to be printed. That he employed a lawyer who practiced in this Court to represent his interest on the appeal, and was promised by him that he would do so; that he fully supposed if anything more was to be done, than what had been done, or should be required, that his counsel would notify him of the same; and the petitioner further states, that had he been notified of any rule requiring the record to be printed, he would promptly have caused the same to be done. But he never received such notice, and was greatly surprised when he learned from reading the certificate sent down to the Superior Court, that his appeal had been dismissed on account of the failure to

have the record printed. He further represents, that he is advised and believes, that he has .meritorious grounds of appeal, and he now avers his willingness and ability to comply with the rule of this Court in this behalf. Wherefore he prays that his appeal be reinstated upon the docket of this Court.

Messrs. R. H. Battle and Samuel F. Mordecai, for the plaintiff.
Mr. W. P. Bynum, for the defendant.

ASHE, J. (after stating the facts). It is held that the spirit and equity of the provisions of §133 C. C. P., The Code §274, extend to this Court, and the same relief will be administered in like cases in this Court, as in the Superior Court. Wade v. City of Newbern, 73 N. C. 318., Horne v. Horne, 75 N. C., 101. The question then is, do the facts set forth in the petition, constitute such a case as would entitle the petitioner to relief in the Superior Court.

This Court, in several cases, has recognized a distinction between the negligence of an attorney and that of the party to the action. In the former case, it has been held that the omission of an attorney, retained as counsel in a cause, to perform his duty as such in the conduct of the cause is excusable neglect in the party, and the judgment may be vacated. This interpretation was first given to this section of The Code, in the case of Griel v. Vernon, 65 N. C., 75. In that case, the party retained an attorney to enter a plea for him, which the attorney neglected to do, and it was held that the omission of the attorney to perform an engagement to do such an act as that, was a surprise on the client; and this case was followed by the cases of Bradford v. Coit, 77 N. C., 62. Mebane v. Mebane, 89 N. C., 34. Wynne v. Prairie, 86 N. C., 73, where the above cited cases are reviewed and approved—and in the more recent case of Ellington v. Wicker, 87 N. C., 14, in which the same distinction is recognized, and the case of Wynne v. Prairie, referred to with approval.

If the neglect of an attorney in the Superior Court will excuse a party, much more should it have that effect in the Supreme Court, for the parties to an action in the Superior Court, are required to be present in Court, and give their attention to their action; but the parties to an appeal in this Court, are not required to be present, and, in fact, are rarely ever present. The entire management of the case after the appeal is taken, is necessarily entrusted to the counsel employed. He is expected to perform all the duties devolving by law upon an attorney in the management of the cause, and if in the progress of the cause, necessity for the personal attention of his client should arise, it is his duty to communicate the fact to him, and his omission in this respect, should not be imputed to his client as inexcusable negligence. Here, the petitioner was a plain farmer, living at a distance from Raleigh. He had taken the pains to have his appeal perfected, and employed a gentleman of the bar, of high standing in his profession, who was in the habit of attending this Court, and his attorney had promised him that he would attend to his interest in this Court; but his attorney for some reason, failed to attend the Court, and his appeal was dismissed for the want of printing the record, under a rule of this Court which he had never heard of before.

We think these facts constitute a case of excusable negligence, and his appeal ought to be reinstated, and it is so ordered.

Motion allowed.