THOMAS BOWEN v. EMMA FOX, Executrix.

*Appeal—Notice.*

A failure to execute and file an undertaking on appeal within the time prescribed by law, is not a mere " irregularity," and hence a motion to dismiss the appeal for such failure does not require the twenty days' notice, as provided by the act of 1887, ch. 121.

(Mr. Justice DAVIS dissenting).

CIVIL ACTION, tried at May Term, 1887, of VANCE Superior Court, before *Merrimon, Judge,* to recover damages for the seduction of plaintiff's daughter, by the defendant's testator. Defendant appealed.

*Messrs. H. T. Watkins, E. C. Smith* and *Geo. H. Snow,* for the plaintiff.

*Messrs. A. C. Zollicoffer* and *L. C. Edwards,* for the defendant.

SMITH, C. J.    This action, begun in February, 1886, is to recover damages for the seduction and debauchment of the plaintiff's daughter by the defendant William Fox, on whom the service of process was made, and who dying before the trial, his executrix, Emma Fox, was brought in by summons to defend in his stead.    The averments in the complaint are explicitly denied in the answer of the original defendant, and both pleadings are supported by oath.

The cause was tried, and upon the finding of the damages upon the only issue submitted to the jury, judgment was rendered for the plaintiff in June 1887, for the recovery of said damages, and the defendant appealed.

By consent of plaintiff's counsel the time for filing the undertaking was extended, and the defendant allowed until the first day of the next month (July) to put it in.    The undertaking was not in fact executed until August 22d, and has been transmitted with the transcript of the record.    Upon calling the cause in this Court the plaintiff moves to dismiss the appeal, for that the undertaking was not executed and filed within the enlarged time for doing so agreed upon by counsel at the time of trial.

The appellant insists that the appeal is barred by the Act of 1887, ch. 121, which provides that in appeals to this Court " before the appellee shall be permitted to move to dismiss said appeal, *either for any irregularity in the undertaking* on appeal, or for failure of the securities to justify, as prescribed in §560 of *The Code,* he shall give written notice to the appellant of such motion to dismiss at least twenty days before the district from which the cause is sent up shall

·be called," and that such "notice shall state the grounds upon which the motion is based."

The second section authorizes in all such cases the appellant at least five days before the district is ' called to file with the clerk of the Supereme Court a new bond (undertaking), justified as required in said §560.

The appellant construes the words ·" irregularity in the undertaking " as including the delays in the execution of the undertaking, as well as defects in its form and structure, and hence the motion to dismiss cannot be entertained.

It must be remembered, however, that in a series of rulings we enforced the statutory mandate in requiring a compliance with those conditions, without which the appeal was unavailing. In limiting the extent to which our rulings had gone, the General Assembly did not restore the old practice, which admitted the filing of a new appeal bond, with leave of the Court at the hearing when none had been given before, but had confined this remedial legislation to cases of *irregularity* in the instrument, such as an insufficient penal sum, and a deviation in other particulars of its provisions from the statute, and for want of a verification.

We do not feel at liberty to give the act a wider operation than its terms fairly interpreted will warrant, and more especially when, as here, the time has been prolonged by the counsel, and more than seven weeks beyond its limits were allowed to elapse before any action in that direction was taken by appellants.

In our opinion, the difficulty is not obviated by the statute, but stands upon the footing of the law as it before existed.

The appeal must therefore be dismissed, and it is so ·ordered.

DAVIS, J., (dissenting.) I do not concur. I think chapter 121 of the Acts of 1887 should be liberally construed, and

it would require no strained construction to bring this case within its remedial provisions. The bond was filed and sent up with the record of the case more than twenty days before the district from which it was sent up was called, and more than twenty days before the beginning of the term of the Supreme Court. It was here in ample time to allow the appellee to give twenty days' notice of his motion to dismiss, and if a failure to file it within the time prescribed is not such an *irregularity* as to bring it within the very letter of the statute, which, I think, is by no means certain. I think the clear purpose and spirit of the act was to give the appellant an opportunity to be heard before his appeal should be dismissed for want of a sufficient bond, where there was any bond filed by him within time to enable the appellee to give twenty days' notice.

If the bond is a good and sufficient one, the appellee is fully protected against any possibility of injury if the merits of the case are with him, and it seems to me to have been the purpose of the legislature, by this statute, to remedy the evil of having cases on appeal dismissed without a hearing upon the merits, and without notice of the motion to dismiss, when a bond is filed within time to allow the twenty days' notice. It may be, that if notice had been given, the appellant would have had a full and satisfactory answer to the motion.

At all events, I think the legislative intent is so apparent that one might adopt such a construction without incurring the criticism of *judicially legislating*, or of exercising unwarranted discretion.

Great wrong may result to the appellant, and none can result to the appellee by a failure to have the appeal heard on its merits, and as the bond was filed in ample time to allow the appellee to give the notice required by the act of 1887, and no such notice was given, I think the notice to dismiss ought not to be allowed.

Dismissed.