THOMAS BOWEN v. EMMA FOX, Ex'r of William Fox.

*Appeal—Certiorari—Negligence.*

1. *It seems* that the proper way to obtain relief against a judgment of
   the Supreme Court dismissing an appeal, where the dismissal
   turned upon a question of law, is by a petition to rehear and not
   by a motion to reinstate.
2. A motion to reinstate an appeal will not be allowed, nor will a *certio-
   rari* be granted where it appears that the appellant has lost his
   appeal by negligently failing to give the necessary undertaking
   within the prescribed time.
3. A memorandum of the Clerk, evidently not made by the order of the
   Court, appearing in the record proper, will not be allowed to pre-
   vail over a distinct statement of fact in the case on appeal.

(DAVIS, J., dissenting.)

This was a MOTION TO REINSTATE AN APPEAL and for the
writ of *certiorari* made at this term.

The case is stated in the opinion.

*Mr. Geo. H. Snow,* for the plaintiff.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.,* for the de-
fendant.

MERRIMON, J. The plaintiff obtained judgment against
the defendant in the Superior Court of the County of Vance
at May Term, 1887, from which the defendant appealed to
this Court. By consent of counsel, the defendant had until
the first day of July following to give the necessary under-
taking on appeal, but such undertaking was not given until
the 22d day of August next thereafter.

At the Fall Term of 1887 of this Court, the appeal having
been docketed here, the plaintiff moved to dismiss the same
upon the ground that the undertaking on appeal had not
been given within the time allowed by law as extended by

the parties, and the motion was allowed.  *Bowen* v. *Fox*, Ex.,
98 N. C., 396.

At the present term the defendant moved to reinstate the
appeal on the docket, and have the same heard and deter-
mined, suggesting that it had been improvidently dismissed,
and the Court's attention was directed to an entry on the
record in respect to the appeal in these words: "It is allowed
upon his giving bond according to law in the sum of $50,
with A. C. Zollicoffer as surety, said bond is duly executed,
and is herewith sent." But it likewise appears in the case
stated on appeal that "by consent of plaintiff's counsel de-
fendant is given until the first day of July next to file said
undertaking."

And it was conceded on the argument of the motion to
dismiss the appeal, that the undertaking was not given until
the 22d day of August, 1887; it is so stated in the defend-
ant's petition for the writ of *certiorari*, presently to be con-
sidered, and it so appears from the affidavits filed with this
petition. There is no question that the undertaking was in
fact not given until the day last mentioned. But it is ear-
nestly contended that the Court is bound by the recital in
the record first above recited—that the record is conclusive.

There might be more plausibility in this contention if the
recital affirmatively appeared to be that of the Court, or that
the entry was made by its order; but it is manifest that the
material part of it was simply a memorandum of the Clerk,
whose duty it was to take the undertaking. He made the
minute, no doubt, on the day the undertaking was given,
without entering the date of the same. The last sentence of
it could have no consistency with any pertinent order of the
Court. Indeed, it did not need to have been put on the
record at all. It noted nothing to be done by the Court and
nothing to be attributed to it, unless it appeared in some
affirmative way to be of it. The case stated on appeal states

the facts, no doubt, and it is not inconsistent with the record proper, or the facts of the matter apart from the record.

As it is not the duty of the Court to receive the undertaking, if it does, as it may, this must appear—not by implication—but affirmatively. *State* v. *Wagner,* 91 N. C., 521. So that the motion to reinstate the appeal upon the docket cannot be allowed.

It may be questioned whether a motion to reinstate on the docket an appeal dismissed, is a proper remedy, where the dismissal turned upon a question of law raised. It would seem that in such case the proper remedy would be an application to *re-hear* the motion to dismiss.

The case of *Wiley* v. *Logan,* 94 N. C., 564, was not like this one. The appeal in that case was dismissed upon the ground that the record had not been printed—simply the requirement of a rule of Court had not been complied with—and a motion to reinstate the appeal was considered and allowed at the term next after the dismissal. It referred to neglect of counsel in this Court in respect to matters that ordinarily do not come within the sphere of professional duty.

The defendant also filed her petition praying that the writ of *certiorari* be allowed in her favor as a substitute for her appeal so lost. We are constrained to deny this application. It is not suggested that the appeal was lost or that the petitioner suffered prejudice in respect thereto by anything said or done by the plaintiff or his counsel. The defendant made her counsel her agent to give the necessary undertaking, and she must be bound by his laches. She and he resided in the town of Henderson, near the office of the Clerk whose duty it was to take it. It might have been given in ten minutes. The time to give it was extended by consent of plaintiff more than a month, yet it was not given until after the lapse of more than two months. The excuse given for such delay is, that the agent was absent in a distant city attending his wife who was ill, and there for medical treat-

ment until after the lapse of the time allowed. It does not appear that his absence was really necessary or continuous. But on the contrary, it appears that he was not there continuously; that he was at his place of business, and "attended to considerable legal business in his law office" during that time. Moreover, it appears that he had a clerk in his office and several associate counsel—one of them residing in the same town, and the others within easy reach of it. He might easily, if he found it inconvenient for any cause to give his personal attention to the matter of the undertaking, have requested one of them to give it prompt attention. It does not appear that he did. To file the undertaking required but a few minutes, but it was important—emergent—to file it within the time allowed. The failure to do so was not constrained; there was manifest neglect in contemplation of law, whether it was occasioned by inadvertence or forgetfulness, and as a consequence important rights of the plaintiff supervened that are not within our control. We are not at liberty to overlook such neglect of the defendant, while the plaintiff insists upon his rights growing out of it. The authorities cited and relied upon by the counsel of the plaintiff are strongly in point. *Winborn* v. *Byrd*, 92 N. C., 7; *Churchill* v. *Insurance Company*, Id., 485; *Turner* v. *Quinn*, Id., 501.

The motion to reinstate the appeal must be denied, and the petition dismissed.

DAVIS, J., (dissenting). I cannot concur in the refusal to grant the writ of *certiorari*. Accepting the construction placed by this Court upon chapter 121 of the Acts of 1887 as settled by the decision in this case at the last term, and without questioning that decision, I think the affidavits and the record made a part of the affidavit of the defendant disclose facts which entitle the defendant to the writ.

It appears from the record that the security offered when the appeal was taken was accepted as sufficient, the bond was executed before the appeal was sent up, so no harm came or could have come to the appellee by reason of the fact that it was not executed within the time named; for it was not a bond to stay execution, and that could have been issued as well after as before the execution of the bond for costs.

If the merits are with the plaintiff, he is protected and can lose nothing by the trial; but if with the defendant, as she alleges, then she suffers loss without remedy, by a failure to comply, technically, with the letter of a statute strictly construed, which, I think, was intended to secure the trial of causes upon their merits, and which should therefore be liberally construed.