C. M. GRIFFIN v. J. L. NELSON.

*Appeal—Duty of Appellant to Have the Record Printed—Not the Duty of Counsel.*

1. Where, on a motion to reinstate an appeal dismissed for failure to print the record, the appellant alleged that he employed an attorney to represent him in this Court; that he was not aware of the rule requiring the record to be printed, and that if his attorney had notified him he would have had it printed, but did not allege that he applied to his counsel to learn the requirements of prosecuting appeals, nor that he furnished any money or took any steps to have the record printed: *Held*, that no excuse is shown for his negligence, and the motion must be denied.

2. It is not the duty of counsel for an appellant to have the record printed.

This was a motion made by the defendant (appellant) to reinstate the appeal in this case. The action was tried at Fall Term, 1889, of LENOIR Superior Court, before *Bynum, J.,* and the defendant appealed to this Court.

When the case was reached, on motion of plaintiff's counsel, the appeal was dismissed for failure of the defendant (appellant) to have the record printed.

The facts appear in the opinion.

*Mr. N. J. Rouse,* for plaintiff.
*Mr. George V. Strong,* for defendant.

CLARK, J.: This was an action on a plain note of hand. At Fall Term, 1889, of Lenoir Superior Court, the Court held the answer frivolous, and rendered judgment upon the verified complaint. The appeal was docketed here, January 4, 1890. When the case was reached for argument, no counsel represented appellant. Appellee's counsel was prepared to argue the case, but there being no printed 'record the Court declined to hear argument. Thereupon, appellee's counsel moved to dismiss for failure to print the record, which was allowed.

Appellant, upon notice given, now moves to reinstate appeal, and in his affidavit alleges that he employed one of the attorneys who appeared for him in the lower Court to represent him here; that he was not aware of the rule requiring the record on appeal to be printed, and if his attorney had notified him thereof he would have had the record printed, and was able to do so. The appellee files a counter affidavit, that ten days before the case was reached for argument in this Court, he saw the counsel who represented the appellant in the Court below, who resided in Kinston, and desiring to avoid the expense of counsel in this Court, proposed to him to dismiss the appeal, and he would indulge defendant, the appellant, till next fall; that

said attorney said that he represented appellant; who only wanted delay, and he thought his client ought to accept the offer; that afterwards said attorney told him his client declined the proposition; that thereupon he (appellee) retained counsel at considerable expense to represent him in this Court; that appellant has, from the beginning, endeavored, in every possible manner, to hinder and delay plaintiff's recovery; that the day after summons was issued the defendant assigned and disposed of his property, real and personal; that he filed an answer which the Court below adjudged frivolous; that appellee firmly believes that it was under appellant's direction, and by his sanction, that no counsel was here to represent him, and avers that appellant has been guilty of personal negligence and inattention as to his appeal. No reply was filed to this affidavit.

The appellee was entitled to have the case argued or disposed of at this term. The appellant shows no excuse for his negligence. Indeed, the appellee's counsel contended that the conduct of appellant indicated an intention to use non-compliance with the rule of the Court which requires the printing of the record, as a means of procuring delay, and the appeal itself, not as an opportunity of obtaining justice and correcting an error, but of hindering and baffling appellee of the relief adjudged to him by the Court below. However that may be, the appellant does not allege that he made any application to his counsel to learn the requirements as to prosecuting an appeal, nor that he furnished any money or took any steps to have the record printed. By the affidavit it appears that the counsel he applied to is a non-resident of his county, and is not in the habit of attending this Court. He makes no reference to his other counsel, who resides in his county, and who, appellee alleges, had a negotiation with him as to abandonment of the appeal. Besides all this, it was the duty of appellant himself to attend to sending up the appeal and having the

record printed. In *Churchill* v. *Life Insurance Company*, 92 N. C., 485, it was held and provided that providing an appeal bond is no part of the professional duty of counsel, and that if the latter undertook to do it, and neglected to do so, it was a mere agency, and the neglect of such agent was the neglect of the principal. To the same effect is *Winborn* v. *Byrd*, 92 N. C., 7, and several other cases. The same reasoning applies with equal force to the failure to have the record sent up in time to have it printed, and similar matters which are not strictly professional duties, but are matters which an appellant or a non-professional agent can attend to fully as well as an attorney. Upon the plaintiff's own showing, he failed to post himself as to the duties expected of him in prosecuting an appeal to this Court. This was gross negligence (*Elliott* v. *Holliday*, 3 Dev., 377; *Smith* v. *Abrams*, 90 N. C., 21; *Turner* v. *Powell*, 93 N. C., 341), and will not be allowed to deprive the appellee of his right to have the cause finally disposed of at this term.

This case differs from *Wiley* v. *Logan*, 94 N. C., 564, in that there the counsel applied to was in the habit of attending this Court. Besides, that case was decided not long after the rule requiring the printing of the record was adopted. It was not then generally known and acted upon as is now the case. In *Bowen* v. *Fox*, 99 N. C., 127, the Court refer to *Wiley* v. *Logan*, and say that the duty of having the record printed is one which "does not come ordinarily within the sphere of professional duty." Not unusually it is printed and sent up, together with the transcript, on appeal. As a matter of fact, we believe when the printing is done here, counsel have usually no supervision of the work, but it is done under the directions of the Clerk of this Court. The appellant, if he chose, might get it done, probably, in most cases, under the supervision of the Clerk below, or supervise it himself. The slightest inquiry by appellant would have given him information of his duty in this regard. Rule

28, as to printing the necessary parts of the record, was adopted in the interest of the public, and of all parties, to facilitate the more prompt and careful consideration of appeals. We cannot permit a neglect of its observance to become a prolific source of delay and obstruction. Nor can we allow failure in such non-professional duty to work a continuance, when the lack of an argument by counsel is no ground therefor, nor for a rehearing.

Motion to reinstate appeal denied.