W. C. RENCHER v. A. L. ANDERSON.

*Constitution—Supreme Court—Rules—Printing Records—Appeal.*

1. The Supreme Court is established by and derives its jurisdiction from the Constitution ; and in these respects, as well as that of its methods of procedure, it is not subject to legislative control. Constitution, Art. IV., §§8 and 12.

2. The enforcement of paragraphs 6 and 7, section 11, of Rule 2, in relation to the printing of records, is necessary to the administration of justice.

3. Where the appellant does not appeal *in forma pauperis* (§553, The Code,) the rule requiring the record to be printed will not be relaxed upon his affidavit that he is unable to raise the money necessary to print.

MOTION to redocket an appeal at this Term.
The facts are stated in the opinion.

*Mr. A. W. Graham*, for plaintiff.
*Messrs. Ruffin & Graham*, for defendant.

MERRIMON, J. When this appeal was called for argument at this present term the appellee moved to dismiss it upon the ground that the record had not been printed as required by Rule 2, §11, ¶¶6 and 7. It appeared that the record had not been printed, and the motion was allowed.

On a subsequent day, the counsel for the appellant, after notice, moved, upon affidavit, to reinstate the appeal on the docket, and assigned as cause for the motion, that the appellant was, because of his extreme poverty, "unable to raise the sum required for printing the record by the Rules of this Court."

The parts of the Rule cited above, material here, provide as follows: "Fifteen copies of so much and such parts of the record as may be necessary to a proper understanding of the exceptions and grounds of error assigned in the record in each civil action shall be printed."   *   *   *   *   *

"If the record on appeal shall not be printed, as required by this and the next preceding paragraph, at the time it shall be called in its order for argument, the appeal shall, on the motion of the appellee, be dismissed; but the Court may, after five days' notice, at the same term, for good cause shown, reinstate the appeal upon the docket, to be heard at the next succeeding term like other appeals, *provided nevertheless*, that this and the next preceding paragraph shall not apply to appeals in criminal actions, or appeals *in forma pauperis.*"

In view of the greatly increased and constantly increasing number of cases that come into this Court, and the consequent increased labor of the Court, we have deemed it necessary to establish the Rule thus requiring certain parts of the record in an appeal to be printed. We have found it to be a wholesome one in very many respects. It promotes greatly the administration of public justice in this Court. It helps greatly to an intelligent understanding and the determination of the appeal. It contributes materially to the convenience and lessens the labors of the Court and counsel. It saves time and expedites the decision of causes. The cost to litigants is trifling, and their interests as

individuals are subserved. Of this there can be no reasonable question. The Rule is important alike to litigants and the public, and ought to be upheld and adhered to.

The power of the Court to establish this Rule seems not to be questioned. Indeed, it could not be successfully. This Court has all the power inherent in courts to regulate the practical methods of conducting their business and hearing cases, after they come within its jurisdiction and control. It and its jurisdiction are established by the Constitution—it has all the powers that by general principles of law appertain to such a court. While the legislature have the power to allot and distribute that portion of judicial power and jurisdiction which does not belong to this Court, among the other courts prescribed by the Constitution, or which may be established by law, and to provide a system of appeals, and regulate the methods of proceeding in the exercise of their powers, so far as this *may* be done without conflict with the provisions of the Constitution, it has no such power as to this Court. It will be observed that this Court is expressly omitted from the power so conferred, and such omission was obviously intended to aid in upholding the independence of the Judicial Department as a co-ordinate department or branch of the government. Const., Art. IV, §§8 and 12.

It seems to us that the Rule under consideration is very reasonable in its requirements. It expressly reserves the right to an appellant, in case his appeal is dismissed for the cause mentioned, to have it reinstated upon the docket for good ·cause shown, and it provides further, that it shall not apply to appeals in criminal actions, or where the appellant is allowed to appeal *in forma pauperis.*

The appellant in this case does not appeal as a pauper. He might have done so if he were too indigent to pay the costs. As he did not, there is no just reason why he should not stand upon the same footing with the appellants who are required to pay costs upon appeal. He does not ask to have the case reinstated and be allowed to print the record as required by the

Rule—he simply suggests that he is unable to raise the sum of money required to pay for the printing. This does not bring his case within the saving provisions of the Rule. Obviously no good cause for the motion is shown; it must therefore be denied.

Motion denied.