AARON A. WISEMAN v. COMMISSIONERS OF MITCHELL COUNTY.

*Dismissal of Appeals—Rules of Court.*

1. Failure to prosecute an appeal for two terms, is sufficient ground for dismissal, unless, for sufficient cause shown, the case shall be continued. Motion to reinstate, upon notice, may be heard not later than the next term.

2. Rules of this Court are not merely directory ; it is the duty of appellant to prosecute his appeal according to the rules.

This was an Action for a *mandamus,* tried before *MacRae, J.,* at the Spring Term, 1887, of MITCHELL Superior Court, upon complaint and answer and facts agreed.

Motion was denied and plaintiff adjudged to pay the costs. Plaintiff appealed

The facts are sufficiently set out in the opinion of the Court.

*Mr. T. A. Love,* for the plaintiff.
No counsel for defendants.

CLARK, J.: This appeal was docketed 17th July, 1887. It has not been prosecuted in this Court. Rule 15 of the Rules of this Court provides, among other things, as follows : "But cases not prosecuted for two terms shall, when reached in order after the second term, be dismissed at the costs of the appellant, unless the same for some sufficient cause shall be continued," with a proviso that the appellant may move, not later than the call of the district at the next term, to reinstate, on notice to the appellee, and showing sufficient cause.

No cause for a continuance has been shown. It is the duty of appellants to prosecute their appeals in this Court promptly, as the law requires. When they fail to do so the appellee has the right to have the appeal dismissed, so that he may have the benefit of his judgment and be saved the

expense and annoyance of protracted and unnecessary litigation. *Brantly* v. *Jordan*, 92 N. C., 291. Or if the appellee does not feel enough interest to make such motion, the Court may *ex mero motu* dismiss the appeal, that its docket be not cumbered with cases in which no one has any concern.

In a recent case, *Walker* v. *Scott*, 102 N. C., 487, the present Chief Justice called attention to the mistaken impression, which seemed somewhat to prevail, that the Rules of the Court are " merely directory and to be ignored, disregarded and suspended almost as a matter of course." He points out that they are deemed essential to the protection of the rights of litigants and the due administration of justice and will be observed and enforced.

Appeal dismissed.

NOTE.—*Young* v. *Young* and *Fisher* v. *Mining Co.*, from IREDELL County, were dismissed for the same reason.