### JONATHAN HORTON v. L. L. GREEN.

*Rules of the Supreme Court — Printing Record — Dismissal of Appeal — Constitution.*

1. The rule of the Supreme Court requiring certain parts of the record to be printed is not unreasonable, and upon failure to comply with it the appeal will be dismissed, but may be reinstated upon good cause shown.

2. Nor is the rule unconstitutional. The Constitution, Art. 4, §12, gives to the General Assembly power to regulate pro·eedings in all the Courts "*below the Supreme Court*," but confers on this Court the exclusive power to regulate its own procedure.

3. Discussion of the reasonableness of the rule by CLARK, J.

HORTON *v.* GREEN.

Motion to dismiss Appeal for failure to print the parts of the record required by the rules.

*Mr. J. B. Batchelor* and *Mr. John Devereux, Jr.*, for plaintiff.
*Mr. G. N. Folk* (by brief) and *Mr. Theo. F. Davidson*, for defendant.

CLARK, J.: It appears that the record has not been printed as required by the rules of this Court, and the appeal must be dismissed.

The Constitution, Art. 1, §8, provides: "The legislative, executive and supreme judicial powers of the government ought to be forever separate and distinct from each other."

Article 4, §12, of the Constitution, in furtherance of the same idea, provides that the General Assembly "may regulate by law, if necessary, the methods of proceeding in the exercise of their powers of all the' Courts *below the Supreme Court*, so far as the same may be done without conflict with other provisions of this Constitution."

To the judgment and experience of this Court alone is delegated by the organic law the power of establishing rules to regulate its procedure and provide for the dispatch of the business coming before it.

Five years since, the press of business, the example of Courts of last resort in the other States, and the evident facility it would afford for the more careful consideration, and the more speedy reporting of causes coming before it, impelled this Court to adopt Rules 28 and 29. The parts thereof material here provide as follows: "(28.) Fifteen copies of so much and such parts of the record as may be necessary to a proper understanding of the exceptions and grounds of error assigned in the record in each civil case shall be printed. The counsel for the appellant shall designate such parts of the record as are required to be

104—26

printed  *  *  *  and such printed matter shall ·consist of the statement of the case on appeal, and of the exceptions appearing in the record to be reviewed by the Court."  *  *  * (29.) "If the record in an appeal shall not be printed, as required by this rule, at the time it shall be called in its order for argument, the appeal shall, on motion of appellee, be dismissed; but the Court may, after five days' notice at the same term, for good cause shown, reinstate the appeal upon the docket, to be heard at the next succeeding term like other appeals; provided, nevertheless, that this and the next preceding paragraph shall not apply to appeals in criminal actions, or appeals *in forma pauperis*."

Experience, which is the best test, has proven the wisdom of this rule. It enables the Court to obtain a readier and more accurate understanding of the cause than could be had by the examination of voluminous pages of manuscript, not always the most legible. It enables the counsel of both parties, and each member of the Court, to have the record in hand for reference during the argument. It lightens the labor alike of counsel in the preparation of the argument, of the Court in considering the judgment and writing its opinion, and of the Attorney General in making up the statement of facts for the volume of reports. The average cost to litigants is less than the tax fee formerly allowed in this Court.

With the steady increase of population and wealth, and, consequently, of litigation, this rule will become more and more necessary, and, at some future day, will have to be extended to require the entire transcript and the briefs of counsel to be printed, as is already required in most of our sister States. Our rule is very moderate in its requirements, since only the "statement of the case on appeal and exceptions appearing in the record to be reviewed," are necessary to be printed, and not even that in State cases and pauper appeals. Should good cause be shown, or excusable neglect, the Court, on motion, reserves the right to reinstate.

We have stated this much to show the reasonableness and necessity of the rule, for the power of the Court to make it is as clear as that it is our duty to rigidly adhere to it after it is adopted, and enforce it impartially as to all cases coming under its operation. The late Chief Justice PEARSON was accustomed to say of the rules of Court, "There is no use in having a scribe unless you cut up to it."

In the case at bar, a considerable part of the transcript proper is printed, but the "fifteen copies" required by the rule to be printed are not on file. The object intended to be served by the rule, of facilitating the consideration of the case by the whole Court, and in other respects, is not met. This matter has already been carefully considered in *Rencher* v. *Anderson*, 93 N. C., 105, and *Witt* v. *Long*, 93 N. C., 388, and we reaffirm the ruling therein laid down. In the latter case, the Court stated that it would treat a mere colorable compliance with the rule as a failure to observe it.

*Per curiam.*                                   Affirmed.