CHRISTOPHER STEPHENS v. F. D. KOONCE.

*Appeal—Dismissal for Failure to Print Record—Motion to Reinstate.*

A motion to reinstate an appeal will be denied where it appeared that the appeal was docketed on March 12th, and reached in regular order on March 13th, when it was dismissed for failure to print the record, under the rules, though counsel for appellant being present during the call of the district, and not seeing the case on docket, left before the call was concluded. The dismissal was not for failure to argue, but for failure to print, and this was not a professional duty, and the negligence was that of the client.

This was a MOTION to reinstate an appeal dismissed for failure to print the record.

The facts appear in the opinion.

*Mr. Charles M. Busbee*, for the plaintiff.
*Mr. John Devereux, Jr.*, for the defendant (petitioner).

CLARK, J.: This action was tried at November Term, 1889, of Onslow Superior Court. The transcript of the record on appeal was docketed in this Court 12th March, 1890, during the call of the district to which it belongs. It was reached in regular order on March 13, and, on motion of appellee's counsel, it was dismissed for failure to print the record as required by the rules. On March 26, a motion to reinstate appeal was entered and set for hearing April 3. On that day no cause was shown, and the motion was denied. On April 9, the motion to reinstate was again made, on the ground that the counsel retained by the original counsel in the cause for the purpose of making the motion to reinstate had notified the latter that the motion would be heard April 3, but the latter was then absent from home and did not

return till after the motion was heard and denied. For this reason, appellant asks that the judgment denying the motion to reinstate be set aside, and for cause to reinstate the appeal, the original counsel files an affidavit that he was here during the call of the district, and, not seeing this case on docket, he left before the call was concluded, and that the record was not printed because his client supposed that, in an appeal like this, from an order in the cause, the record was not required to be printed.

If the transcript of the record on appeal had not been docketed before the close of the call of that district, the appellee would have been entitled to docket and dismiss. Rule 17. It could be no advantage to appellee, and was no compliance with the Rule, to docket the record, but in such condition that it could not be heard when reached for want of a printed record. Rule 28. If the transcript of the record on appeal had been delayed by failure of the Judge to settle the case on appeal in time, it was the duty of the appellant to docket a transcript of the rest of the record and move for a *certiorari* before the close of the call of the district at the first term of this Court begun after judgment rendered, or the appellee would have had the right to dismiss. *Pittman* v. *Kimberly*, 92 N. C., 562. But nothing even of this kind appears. The appellant might, and should, have had the appeal docketed long before he did. Having permitted it to be held back till the last moment, he should have sent up with it the record ready printed. The appellee had a right to have the case argued or dismissed at this term. He cannot be deprived of it by the appellant sending up the case at the last minute, almost, and then with no printed record, so that the cause could not be argued. The appellee's counsel was willing to argue the case without the printed record, but the Court, under the rules, could not hear it, and he had no remedy except to have the appeal dismissed. Indeed, if appellant's counsel had remained to attend to the interests of his

client, as appellee's counsel did, there was ample time to have had the record, which was very short, printed after the appeal was docketed and before it was reached the next day for argument. The appellant himself is a lawyer, and, if he were not, his counsel was familiar with the practice here, and, if applied to, could have informed him of the requirements as to prosecuting appeals in this Court.

The Court cannot permit appellants to procure a continuance on this docket by not sending up appeals in time, or not having the record printed. This has been repeatedly held. Still less can it permit appellant to obtain six months delay by his counsel leaving the Court and permitting the case to look after itself. The appellee ought not to suffer damages from the act of appellant's counsel, for he has no recourse against him. If the appellant, however, is injured thereby, he has a recourse by action against his counsel. *University* v. *Lassiter*, 83 N. C., 38. The Court, in such circumstances, will give the appellee the remedy to which he is entitled by dismissing the appeal, if appellee moves therefor, as entitled to do by Rule 29 of this Court.

We are not to be understood as holding that there was no negligence in the original counsel of appellant causing appellee's counsel to be notified to attend to oppose the motion to reinstate and then leaving home without learning the date the motion was set for hearing, or furnishing affidavits in support of the motion. This was a disregard of the time of this Court, and might have put the appellee to considerable inconvenience and expense.

Motion denied.