### H. C. HUNT v. RICHMOND AND DANVILLE RAILROAD CO.

*Appeal Dismissed—Printing Record—Rules 28, 29 and 30.*

The necessity of the rule requiring the "case on appeal" to be printed has been often pointed out. Unless appellants observe this requirement, it will save them needless expenditure to refrain from sending up appeals which can only be dismissed at their costs.

This was a CIVIL ACTION, tried before *Merrimon, J.,* at Fall Term, 1890, of HENDERSON Superior Court.

At the close of plaintiff's evidence, the Court intimated an opinion that the plaintiff could not recover. Whereupon, he took a nonsuit, and appealed.

*Mr. S V. Pickens* (by brief), for plaintiff.
*Messrs. D. Schenck* and *F. H. Busbee,* for defendant.

CLARK, J.: Rule 28 (104 N. C., 924) provides: "Fifteen copies of so much and such parts of the record as may be necessary to a proper understanding of the exceptions and

grounds of error assigned as appear in the record in each civil action shall be printed." And Rule 29 provides that "such printed matter shall consist of the statement of the case on appeal and of the exceptions appearing in the record to be reviewed by the Court, or, in case of a demurrer, of such demurrer and the pleadings to which it is entered." Rule 30 provides that, if these rules are not complied with by the time the case is reached in its order for argument, the appeal shall, on motion of the appellee, be dismissed.

These rules were adopted six years ago. The absolute necessity of this regulation, its moderateness in not requiring the whole transcript, but only the "case on appeal," usually to be printed, and in exempting State cases and pauper appeals from its application, and the fixed intention of the Court to strictly enforce it, have been repeatedly affirmed. *Horton* v. *Green*, 104 N. C., 400, and in many other cases. In *Witt* v. *Long*, 93 N. C., 388, the Court stated that it would treat a mere colorable compliance with the rule as a failure to observe it.

In practice, the printing of the "case on appeal," and (when necessary) of such other parts of the record as require consideration on the argument, has been found almost as convenient to counsel as necessary to the Court. It is a matter of surprise, therefore, that, in any case, intelligent counsel should permit their clients to incur the expense of sending up the transcript of the record, and of paying the costs of this Court, when they must know that if the record is not printed the appeal must be dismissed.

In the present case there is not even a colorable compliance The "case on appeal" is not printed at all. Appellant's counsel favors us with a full printed brief of his argument, and in it inserts a very brief synopsis of what he deems the substance of a rather long "case on appeal," and adds, "see case stated by the Judge for a full statement." Even the ticket, on the wording of which the controversy turned in the Court below,

and which is made a part of the "case," is not printed. The counsel for the appellee will not accept appellant's synopsis as a substitute for the case as stated by the Judge, nor will the Court. Printed briefs, while not required, are always desirable, and are appreciated by the Court, but they cannot be accepted in lieu of a printed "case on appeal." The motion of appellee to dismiss must be allowed.

There can be no excuse for any appellant being ignorant of the rule as to printing the "case on appeal," seeing the length of time it has been adopted, and the many decisions enforcing it. If not prepared or inclined to comply with it, counsel will save unnecessary expenditure by refraining from sending up appeals which must be dismissed at the costs of their clients.

*Per Curiam.*                                    Appeal dismissed.