### L. L. EDWARDS v. THE TOWN OF HENDERSON.

*Appeal—Printing Record—Negligence—Attorney and Client.*

1. It is not the professional duty of an attorney at law to have the record printed on appeal to the Supreme Court, and when he assumes to do so, he acts simply as the agent of the appellant, who is bound by his negligence in that respect.

2. The fact that an attorney, who had been entrusted by his client with the duty of having a record on appeal printed, forgot, in the press of other business, to have the transcript printed within the time prescribed by the rules of this Court, is not sufficient cause to strike out an order dismissing the appeal.

This is a MOTION to reinstate an appeal from the Superior Court of VANCE County, which had been dismissed for failure to print the record as required by Rules 28–30.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.,* for plaintiff.
*Messrs. A. C. Zollicoffer* and *T. T. Hicks* (by brief), for defendant.

CLARK, J.: The appellant says that he entrusted the duty of causing the record to be printed to his counsel. Counsel offer no excuse except that they were busy and forgot to have it done. The duty of having the record printed is not a professional one, since the client can attend to it himself, and might easily have it printed below and sent up with the transcript. Hence, if counsel assume to discharge such duty, they are *pro hac vice* agents, not counsel, and their neglect is the neglect of the party himself, as was held in *Griffin* v. *Nelson,* 106 N. C., 235, which has been cited with approval at this term in *Finlayson* v. *Am. Accident Co.*

The duty of printing the record is not a mere formality. It is a necessity, that the increasing volume of business in the Court of last resort may be more easily understood on the argument, and that each of the Judges may not only then, but afterwards, have each case before him. When there is but one record, and that in manuscript, the disadvantage is seriously felt. The Court, like the Supreme Courts (it is believed) of every other State, several years since adopted this rule. This was not lightly done, but after full consideration. This Court has, ever since, felt the necessity for a strict adherence to the rule. *Rencher* v. *Anderson,* 93 N. C., 105; *Witt* v. *Long,* 93 N. C., 388; *Horton* v. *Green,* 104 N. C., 400; *Whitehurst* v. *Pettipher,* 105 N. C., 39; *Griffin* v. *Nelson,* 106 N. C., 235; *Stephens* v. *Koonce,* 106 N. C., 255; *Hunt* v. *Railroad,* 107 N. C., 447; *Roberts* v. *Lewald,* 108 N. C., 405.

To permit an appellant to obtain a delay of six months by his negligence in not complying with this requirement, would convert a rule which was adopted as a means for the speedier and better consideration of causes, into a fruitful source of delay. Rather than that, appellees would prefer to argue their causes without the printed record, which the Court, in. justice to itself and to litigants, cannot permit. Appellants might as well fail to send up the transcript, as not to have it in a condition to be heard by failing to have the "case and exceptions" printed.

No sufficient cause has been shown, and the motion to reinstate must be denied.

Motion denied.