## JOSIAH TURNER v. S. McD. TATE.

*Motion to Re-instate—Failure to Print Record for Want of Money.*

Where an appeal, not filed by appellant as a pauper, was dismissed for failure to print the case on appeal as required by Rules 28 and 29 of this Court, it will not be re-instated on an affidavit and motion of the appellant on the ground that before he could raise the money to print the record the case was reached and dismissed.

MOTION by Josiah Turner against S. McD. Tate for a penalty for failure to appear when summoned as a witness in Orange Superior Court. From the order of the Court below setting aside a judgment absolute against the defendant the plaintiff appealed. The appeal was dismissed, on motion of defendant, for failure to print the record. Thereupon plaintiff moved to re-instate the case, alleging that his failure to print was caused by his want of and inability to borrow the necessary money, adding that the illustrious Judge Badger was fond of saying: "While Solomon was wise and Samson was strong, neither or both united could pay their debts when they had no money."

*Mr. John W. Graham*, for defendant.

No counsel *contra*.

CLARK, J.: The appeal was dismissed for failure to print the case on appeal as required by Rules 28 and 29 of this Court. The plaintiff files a motion to re-instate upon the ground that before he could get up the money to have the record printed the case had been reached and dismissed. In *Rencher* v. *Anderson*, 93 N. C., 105, it was held that when the appellant does not appeal as a pauper the rule requiring the record to be printed will not be relaxed

because the appellant files an affidavit that he is unable to raise the money necessary to print. It has since been repeatedly pointed out by the Court that this rule was a necessity to the Court and was beneficial to suitors—aiding in the better and more prompt consideration of causes, and that the Court would not permit the failure of an appellant to observe it to procure for him by reason of his own neglect six months' delay with the consequent vexation and increased expense to the appellee. *Stephens* v. *Koonce,* 106 N. C., 255; *Edwards* v. *Henderson,* 109 N. C., 83. The appellant did not appeal as a pauper. He shows no sufficient reason for non-compliance with the rule. He should have had his printing done earlier and not have postponed doing so to so late a day. It is to be presumed that if either Solomon or Samson (cited by petitioner) had gone to law, he would have provided beforehand for the costs.                                    Motion denied.