LELAND MARTIN v. JOHN A. CHAMBERS et al.

*Practice—Dismissal of Appeal—Negligence in Prosecuting Appeal—Motion to Reinstate.*

Where an appeal after being on the docket for two terms was dismissed, when reached in its order at the third term, for want of prosecution, it will not be reinstated on appellant's affidavit that his attorney was sick, it not appearing that the appellant made any enquiry of his attorney regarding the appeal or sought to get other counsel to prosecute it.

116—43

MARTIN *v.* CHAMBERS.

PETITION OF DEFENDANTS TO REINSTATE APPEAL.

. *Mr. L. S. Benbow,* of counsel for petitioners, filed the petition.

CLARK, J.: This case having been on the docket two terms without being prosecuted, when reached in its order at the third term, no one yet appearing to prosecute it, was dismissed as provided by Rule 15. *Wiseman* v. *Commissioners,* 104 N. C., 330. The appellant now moves to reinstate on the ground that he intrusted his case to his counsel and supposed he would attend to it and that said attorney was sick and unable to attend to the appeal and avers that appellant was without fault and that he has not been negligent. The conclusion at which the appellant arrives is not warranted by the facts stated. The cause was on this docket three terms. It does not appear that counsel was ill the whole of that time. If he was, the appellant was clearly negligent in not securing other counsel to attend to his appeal in this Court. If he was not ill the whole time, it is not averred that the appellant enquired about the case of his counsel, or urged him to attend to it, or paid any attention to it in any way whatever. There may be cases in which the appellant has to this extent entirely abandoned all attention to his appeal, entrusting it · solely to his counsel and making no further enquiry. If an appellant chooses so to act, abandoning all thought of his case to his counsel, and his appeal, after being neglected three terms, is dismissed under the rules, his grievance has been sustained at the hands of his counsel and his remedy (if he can show he has suffered loss) is by action against his counsel for damages sustained by his neglect so grossly to discharge the duty he has contracted to perform. But an appellant who so entirely abandons

SHOAF v. FROST.

all attention to his appeal as to let it remain for three terms in this Court without ascertainining and without enquiry even whether it was receiving any attention, or even whether such counsel had attended this Court, is not in a condition to ask this Court to encumber its docket lenger with a case which concerns himself so little, nor to vex the party who has secured judgment below by protracting the litigation. The judgment below is presumed to be correct, and the party seeking to reverse it must assign and show error, and must prosecute his appeal with more diligence than the appellant has shown.

Motion Denied.