W. A. DUNN, Receiver of CLINTON LOAN ASSOCIATION v.
D. D. UNDERWOOD.

*Practice—Appeal—Failure to Print Record—Dismissal*
*—Negligence of Counsel—Motion to Reinstate.*

The printing of a record on appeal as required by Rule 30, requires
no legal skill and, hence, the negligence of counsel is no
excuse for the failure to print and where an appeal has been
dismissed for such failure a motion to reinstate will not be
allowed.

This was an ACTION to reinstate an appeal, dismissed on
motion of appellee for failure of appellant to print the
record. The grounds of the motion appear in the opinion
of Associate Justice CLARK.

*Mr. R. O. Burton,* for plaintiff.

*Mr. John D. Kerr,* for defendant ( appellant ).

CLARK, J. : The appeal was dismissed at last Term for
ailure to print the record. The appellant moved at the
same Term to reinstate, as required by rule 30. The reason
assigned was that the neglect to print was the negligence
of counsel. The Court has repeatedly held that having the
record printed requires no legal skill, and that, if an appel-
lant entrusts it to counsel, his negligence in such regard is
the negligence of an agent merely, not that of counsel.
*Griffin* v. *Nelson,* 106 N. C., 235 ; *Stephens* v. *Koonce, Ibid,*
255 ; *Edwards* v. *Henderson,* 109 N. C., 83 ; *Turner* v.
*Taie,* 112 N. C., 457 ; *Neal* v. *Land Co., Ibid,* 841.

As the late Chief Justice PEARSON expressed it : " There
is no use in having a scribe unless you cut up to it." A
rule so repeatedly enunciated must be deemed settled. In
*Edwards* v. *Henderson, supra,* the Court observed : " To
permit an appellant to obtain a delay of six months by his

negligence in not complying with this requirement would convert a rule, which was adopted as a means for the speedier and better consideration of causes, into a fruitful source of delay. Rather than that, appellees would prefer to argue their causes without the printed record, which the Court in justice to itself and to litigants cannot permit. Appellants might as well fail to send up the transcript as not to have it in a condition to be heard by failing to have the ' case and exceptions printed.' "

Indeed, in the present case, the appellee agreed that, notwithstanding the dismissal, the case might be reinstated if submitted on printed briefs, under Rule 10, so as to be disposed of at last Term. This offer the appellant accepted, but was again negligent and failed to do so during that Term.

It is too late to make the motion anew to reinstate at this Term. Rule 30. Appellees have rights, though appellants are singularly prone to forget it, and among them is the right guaranteed by *Magna Charta* to all, that justice shall " neither be denied nor delayed." Const. of N. C., Art. 1, Sec. 35. A delay of justice is often a denial of justice.

Motion Denied.