This is a motion to reinstate this appeal, which was dismissed at this term for failure to print, as required by Rules 28 and 29. The motion to reinstate in such cases is allowed only for good cause shown. Horton v. Green, 104 N.C. 400; Whitehurst v. Pettifer,105 N.C. 39. In the present case no affidavit was filed. Counsel filed a written statement, upon information, that the appellant had requested the clerk of the court of his county to request the clerk of this Court to have the record printed and send him the bill, which he would pay. This is not controverted, and taking it to be true, still no money was sent, nor does it appear that the appellant ever took the trouble to ascertain whether his request had been complied with or not, though he had received no bill for the printing. As has often been said, this rule was adopted to expedite the trial of appeals, and appellants will not be permitted to obtain delay by neglecting to observe it. Edwards v. Henderson,109 N.C. 83; Pipkin v. Green, 112 N.C. 355. Pointed notice was given in Hunt v. R. R., 107 N.C. 447, that the Court would feel compelled thereafter to enforce the rule rigidly. As was said in Painev. Cureton, 114 N.C. 606, "an appellant cannot simply take an appeal, pay the clerk's fees for transcript and thereafter leave the appeal to take care of itself like a log floating down a river or corn put in the hopper of a mill. The appeal requires attention." The appellant has (48) not shown such attention as entitles him to have the appeal reinstated.
Motion denied.
Cited: Wiley v. Mining Co., 117 N.C. 490. *Page 33