HENRY THURBER v. EASTERN BUILDING AND LOAN ASSOCIATION OF SYRACUSE.

*Action for Malicious Prosecution—Probable Cause— Advice of Counsel—Malice.*

1. In the trial of an action for malicious prosecution it appeared that the plaintiff had been arrested on a charge of forging the owner's name to a transfer of a certificate of stock, and that the only testimony as to the alleged forgery was that of the owner of the stock to the effect that he assigned the stock to a third person on his false representations, and that the name of the plaintiff whose name appeared as assignee was not mentioned and that he, the owner, did not know that he was transferring the stock to him: *Held*, that an arrest for forgery was not justified by the facts testified to.

2. That a prosecution for forgery was instituted upon the advice of counsel is only evidence to rebut the presumption of malice, and it should be left to the jury to find whether malice, which might be inferred from want of probable cause, has been rebutted by the other evidence.

CIVIL ACTION to recover damages for malicious prosecution, tried before *Brown, J.*, and a jury, at the Fall Term, 1894, of CRAVEN Superior Court. Upon an intimation by the Court that there was not sufficient evidence to go to the jury of the want of probable cause for the prosecution or to entitle the plaintiff to recover, the plaintiff submitted to a non-suit and appealed. The facts sufficiently appear in the opinion of Associate Justice CLARK.

*Mr. W. W. Clark*, for plaintiff (appellant).
*Mr. M. De W. Stevenson*, for defendant.

CLARK, J.: The only evidence upon which the plaintiff was arrested for forgery was that the plaintiff was assignee of a certificate of stock which Latham testified he had assigned to one Smith on the false representations of Smith, and that Thurber's name was not mentioned and he did not know at the time that he was transferring the stock to Thurber though it so appears now on the back of the certificate. This was certainly not sufficient to justify a warrant for forgery being sued out against Thurber. The warrant was sued out by counsel acting on behalf of this defendant. That criminal proceeding was instituted on such advice of counsel was only evidence to go to the jury to rebut the presumption of malice. *Davenport* v. *Lynch*, 51 N. C., 545; *Smith* v. *B. & L. Association*, at this Term. The Court should have left it to the jury on the evidence to say whether the malice, which might be inferred from the want of probable cause, was rebutted by the other evidence.                                                           Error.