J. W. BLOUNT et al v. B. D. WARD et al.

*Practice—Appeal—Motion to Reinstate—Dismissal for Failure to Print Record—Laches.*

Where an appeal has been dismissed for failure to print the record, it will not be reinstated when it appears that appellant had from May to October to have the record printed, besides ample time after the appeal was docketed, but postponed the duty until within a very short while before the case was reached when an unexpected delay in the mails prevented the printing.

MOTION to reinstate an appeal dismissed for failure to print the record. The appeal was dismissed for failure to print the record and the appellant, upon affidavits, moved to reinstate.

*Messrs. W. R. Allen* and *A. D. Ward*, for plaintiffs.
*Mr. R. C. Strong*, for defendants (appellants).

CLARK, J.: This action was tried at February Term, 1895, of the court below, and the case on appeal was settled by the Judge in May, 1895. There was ample time to have had the necessary parts of the record printed, even after the appeal was docketed in this Court, though it might readily have been printed and sent up with the transcript. The appellant chose, however, to put off till almost the very last minute, the printing of the record, and if in so doing the unexpected delay in the mail prevented the printing, the appellant and not the innocent appellee, must suffer from the consequences of the risk thus assumed. The appellee was here by counsel to argue the cause when reached; and as the Court would not permit this to be done on the manuscript record, the appellee had a right upon motion to elect to dismiss the appeal in preference to a

117—16

continuance. *Stevens* v. *Koonce*, 106 N. C., 255. The motion to reinstate cannot be granted. A little attention to business in proper time is always more effectual than a great deal of attention to it after it is too late. The other parties have the right not to be again called on to give attention to the matter after "the day had in court."

Motion Denied.