For the reasons given in the opinion dismissing the appeal, the motion to reinstate is denied. Every exception in the case is based upon the judgment, and that not being printed, the case when reached was not in a plight to be intelligently argued (Avery v. Pitchard, 106 N.C. 344), and the Court was compelled either to continue the cause or dismiss it. The appellee, having made the motion in writing to dismiss, was entitled to have it allowed. The requirement as to printing the parts of the record which are essential to be considered on appeal is a necessity demonstrated by the experience of the Court, and hence is not a purely arbitrary matter to be dispensed with at will. It was not adopted without full consideration, and its nonobservance will not be excused without good cause. Whitehurst v. Pettifer, 105 N.C. 39. The appellant generously places the failure to print the record upon counsel, but this is no excuse.Edwards v. Henderson, 109 N.C. 83; Stevens v. Koonce, 106 N.C. 255;Dunn v. Underwood, 116 N.C. 525. In this case the failure to print the judgment is a patent nonobservance of the requirement as to printing, but to avoid any possibility of mistake henceforth the rule will be amended at this term to require that hereafter the judgment appealed from shall be printed in all cases.
Motion denied. *Page 337 
(492)