HENRY THURBER v. EASTERN BUILDING AND LOAN ASSOCIATION.

*Action for Malicious Prosecution—Defense—Probable Cause—Appeal—Dismissal for Failure to Print Judgment.*

1. The defendant in an action for malicious prosecution may protect himself by any additional facts tending to show that the plaintiff was guilty of the crime charged against him, although defendant may not have known such facts when he began the prosecution.

118—9

2. Where, in the trial of an action for malicious prosecution, it appeared that defendant had prosecuted plaintiff for forgery in inserting *his own name in an assignment of stock* intended and understood to be made to one Smith, so as to enable him (the plaintiff) to claim the stock as a *bona fide* purchaser, and to prevent the defendant from recovering the same for fraud of S. in procuring the assignment; *Held*, that the question of probable cause for the prosecution was rightly left by the court to the jury, instead of an instruction to find the issue in the negative.

3. An appeal will be dismissed for failure of appellant to comply with the rule of Court requiring the judgment to be printed in all cases except pauper appeals.

CIVIL ACTION, to recover damages for malicious prosecution for forgery, tried before *Boykin, J.,* and a jury, at Fall Term, 1895, of CRAVEN Superior Court. There was judgment for defendant and plaintiff appealed. The pertinent facts are stated in opinion of Associate Justice CLARK.

*Messrs. W. W. Clark* and *W. D. McIver,* for plaintiff (appellant).

*Mr. M. De W. Stevenson,* for appellee.

CLARK, J.: When this case was here before (116 N. C., 75) the evidence was merely that when the stock was assigned to Smith, " Thurber's name was not mentioned, and the assignor did not know at the time that he was transferring the stock to Thurber, though it so appears now on the back of the certificate." From this it did not appear that Thurber's name was not in the assignment when it was signed, but merely that his name was not mentioned, and it would seem that the assignor mistakenly had supposed he was assigning the stock to Smith. The Court held that such evidence was not probable cause to justify suing out a warrant for forgery against Thurber, for there was in this evidence nothing to indicate a fraudulent alteration, or indeed any alteration, of the writing by Thurber.

THURBER v. LOAN ASSOCIATION.

On the second trial below, it appears as a fact that Thurber's name was not in the transfer when signed by the assignor of the stock, and that it was afterwards written in such assignment by Thurber himself.    Forgery is "the fraudulent making or altering of a writing to the prejudice of another man's right."    As Thurber made the alteration, the assignor claims that the stock, having been procured to be assigned by the fraud of Smith, the real assignee, the alteration to Thurber, if undetected, would have enabled the latter to claim the stock as an innocent purchaser without notice of any fraud, and therefore that it was a fraudulent altering and to the prejudice of the assignor's rights.    It is unnecessary to go further in discussing the merits of the proceeding against Thurber than to say that the judge committed no error in leaving to the jury the issue as to whether there was probable cause and in refusing, when requested, to instruct the jury that they should respond to this issue in the negative.    14 Am. & Eng. Enc., 67.    The defendant is entitled to protect himself by any additional facts tending to show that the plaintiff was guilty, though he may may not have known them when he began the prosecution.    *Johnson* v. *Chambers*, 32 N. C., 287.

The appeal must be dismissed for failure to observe the rule which now requires that the judgment shall be printed in all cases, except pauper appeals.    117 N. C., 869.    It so happens that in this case the dismissal works no hardship, as the merits of the appeal are held to be against the appellant, and the Court, departing from its usual practice, has passed upon the points raised, though dismissing the appeal.    *State* v.   *Wylde*, 110 N. C., 500 ; *Walters* v. *Starnes* at this Term.    This, however, may serve to call the attention of the profession again to the requirement that the judgment must be printed, and avoid any

possible complaint upon a dismissal for failure to observe the rule in future cases, in which there may be merits in the appeal. The Court must observe and enforce the rules which it has found necessary to make for the orderly dispatch of the business coming before it.

Appeal Dismissed.