W. T. STAINBACK v. G. J. HARRIS, et al.

*Motion to Reinstate Appeal—Appeal—Dismissal—Failure to Print—Negligence of Appellant.*

1. A motion to reinstate an appeal dismissed for failure to print will not be granted when it appears that the judgment appealed from was rendered on August 24th; that the clerk was directed on October 1st to make transcript and to send it up by express on 10th October; that it reached this Court and was docketed on 12th October, with two other cases; that when it was called for hearing on 13th October the record was not printed, although the other cases accompanying it had, through the care of the appellants therein, been printed and were argued.

2. Printing the record on appeal, as required by the rule of Court, is the duty of the appellant, and neglect to have it done is his fault and not that of his attorney.

*Messrs. T. T. Hicks* and *T. M. Pittman*, for plaintiffs.
*Messrs. L. C. Edwards* and *J. B. Batchelor*, for defendant (appellant).

Motion on five days notice under Rule 30 to reinstate this appeal, which was dismissed for failure to print.

CLARK, J.: It appears that the judgment was filed below August 24, 1896, and the appellant filed his appeal bond August 31st. The appellant avers that he directed the clerk to send up the transcript forthwith, but does not specify at what time. The clerk of the court below certifies that the appellant's counsel did not send the fees for making up the transcript to him until October 1st, and then for the first time directed the transcript to be made out, and that on October 6th. The said counsel directed him to send the transcript up on October 10th by express, which he did. To these statements of the clerk there is no denial.

STAINBACK *v.* HARRIS.

It also appears that in the same express package there came the transcripts in two other cases. All three cases were delivered to the clerk of the court on Monday, October 12th, by whom they were docketed simultaneously. When the three cases were called the other two, by the care of the appellants therein, were properly printed and were argued, (one of them on October 13th, the same day this case was called,) but in this case, the record not having been printed, the court would not hear the appeal, and the appellee was compelled either to continue or move to dismiss. He took the latter course, as was his right.

The appellant has shown no good cause for reinstatement. He does not deny the clerk's averment that the transcript was not directed to be sent up till October 1st, (though the judgment had been filed August 24th,) and that thereafter he directed it to be sent up on October 10th, which was done. Other cases sent up in the same package were printed and heard, and there is no reason shown why that was not done in this case. If a party will delay sending up his transcript to the last minute he should either send it up with the requisite parts of the record printed, or arrange to have it promptly done here. It is no excuse for an appellant that he delays docketing his appeal till the time between the docketing and calling the case for argument which is perhaps a very brief one in which to print the record.

In *Avery* v. *Pritchard*, 106 N. C., 344, the transcript was docketed November 30th, and the appeal was dismissed for failure to print when reached December 2d, and in *Stephens* v. *Koonce*, 106 N. C., 255, the transcript was docketed March 12th, and the appeal was dismissed for failure to print when reached March 13th. Printing the record

on appeal is not a professional duty, and the neglect to have it done is the fault of the appellant himself. *Dunn* v. *Underwood*, 116 N. C., 525, and cases there cited.

Every presumption is in favor of the correctness of the result of the trial below. When a party is sufficiently dissatisfied to desire it reviewed on appeal, he should pursue the orderly steps requisite for that purpose. If he does not think the matter of sufficient importance to require that much attention, and this neglect on his part must either impose six months delay on the appellee or a dismissal of the appeal on himself, he must not grumble that the penalty falls upon the one who alone could have prevented the default.

Motion Denied.