### W. S. BARNES v. W. T. CRAWFORD.

*Practice—Appeal—Case on Appeal — Rule— Printing Record—Dismissal for Failure to Print Case on Appeal.*

Under Rule 28 the whole of the case on appeal, as settled by the parties or the judge below, and not such parts only as the appellant may select as material in his opinion, must be printed, and for a non-compliance with the rule in this respect the appeal will, on motion, be dismissed.

MOTION to dismiss appeal, taken from a judgment rendered for the defendant at April Term, 1896, of WAKE Superior Court  The plaintiff appellant, deeming certain parts of the case on appeal as settled by counsel to be immaterial and unnecessary to the proper presentation of his assignments of error, omitted them in printing the record.  In this Court the appellee, deeming such omitted parts to be material to the hearing on appeal, moved to dismiss under Rule 30.  Motion granted.

*W. J. Peele* and *R. O. Burton,* for plaintiff (appellant).
*F. H. Busbee,* for defendant.

CLARK, J. : The requirement that at least the essential parts of the record (which are designated in the rule) shall

BARNES *v.* CRAWFORD.

be printed is not an uncalled-for rule but a necessity.  It is impossible for each of the five judges to examine the record, as should be done, unless it is printed, without great delay in the decision of causes.  Should there be only one record, and that in manuscript, or so defectively printed that the manuscript must be referred to in order to see that the essential parts are printed, the delay caused thereby would result in large arrearages on our docket, much to the detriment of suitors.  This Court has become the ultimate tribunal for the litigation in the courts of a State containing nearly two millions of people, a State whose population, wealth and volume of litigation are steadily increasing.  The Court has again and again called the attention of the bar to the absolute necessity of an inflexible adherence to this rule.  It is in the interests of suitors themselves that they may have a prompt examination of their appeals, and by each and every member of the Court. The requirements as to what shall be printed have from time to time been somewhat extended ; but from the very beginning, now many years back, it has been always required, without ever an exception in any case, that the entire " case on appeal " shall be printed.  The judge is presumed to put in the case on appeal all that is essential to present the errors alleged to have occurred on the trial below, and nothing that is non-essential.  As counsel fre-quently differ as to the case, the judge is made the final arbiter when there is disagreement.  In this case, counsel did not disagree and themselves " settled the case."  In making up the statement of the case, when they reached long articles or pieces of evidence, &c., which were excepted to, instead of copying them out in full, referred to them as exhibits " A," " B, " &c., and thereby directed the clerk to send them up as parts of the case on appeal, who did so. This is not unusual or improper, and such exhibits are

BARNES *v.* CRAWFORD.

integral parts of the case on appeal, and the counsel below agreed that they were essential parts, or they would not have included them.   In printing this case on appeal, the appellant substituted himself for the agreement with the opposite counsel, and omitted the exhibits as immaterial and failed to print them.   The appellee insisted on the materiality of the unprinted parts.   The appellant might, with equal propriety, go through the case and omit as immaterial any other parts thereof which are required to be printed.   The result would be, if this was allowed here, that to save a little cost to appellant there would be a wrangle in every case whether the *material* parts of the case on appeal had been printed, taking up the time of the Court on this collateral matter, which should be applied to hearing the argument on the merits.   To prevent such unseemly proceedings, the rule has always required the whole of the " case on appeal " printed.   Indeed, at the last term (118 N. C., 1273) we required that when the proceedings were printed the exhibits referred to in them should be printed, being integral parts thereof.   If a party is too poor, he can always appeal in *forma pauperis*, in which case we cause the clerk of this Court to make the five copies of the " case on appeal " on the type-writer, but we cannot tax him with this labor when the party is not an appellant as a pauper.

The repeated and reiterated notices given by this Court that the requirement as to printing was necessary and would be adhered to, leave the appellant no excuse for his default.   Such parts of the transcript on appeal as are required to be printed must be printed in full, and we cannot open a Pandora's box by setting a precedent in this case of permitting the appellant to select such parts of the " case on appeal " to be printed as he thinks necessary, which has led, of course, to the appellee's contro-

119—9

verting the selection and the calling on this Court to umpire the controversy. The rule is plain. The whole " case on appeal " was settled below and is essential, and as such our rules require it to be printed. Our rules designate the parts of the record to be printed. We cannot accept printing parts of such parts, at the option of the appellant, as a compliance, and will not set a precedent of that kind. Most courts of last resort require, we believe, the entire transcript of the record on appeal to be printed.

We trust that appellants and our brethren of the bar will recognize the necessity of this rule and our determination to adheie to it. Appeal dismissed.

Dismissed.

AVERY, J., being related to one of the parties, and MONTGOMERY, J., having been of counsel, did not sit on the hearing of this case.