J. A. FLEMING, et. al. v. D. C. McPHAIL, et. al.

*Practice—Appeal—Case on Appeal—Failure to Print Exhibit.*

Where an appellant fails to have printed as a part of the record on appeal an exhibit which was made, by the Judge or by agreement of counsel, a part of the case on appeal, the appeal will be dismissed.

CIVIL ACTION tried before *McIver, J.,* at Spring Term, 1897, of SAMPSON Superior Court. The plaintiffs appealed from a judgment rendered for the defendants who moved in

this Court to dismiss the appeal for appellants' failure to print an "exhibit" which was made a part of the case on appeal.

*Messrs. F. R. Cooper* and *F. P. Jones,* for plaintiffs (appellants).

*Messrs. J. L. Stewart, Allen & Dortch* and *Jones & Boykin,* for defendants.

CLARK, J.: If exception from the practice regulating appeals is made in one case as a favor, every other appellant has the right to argue that he also should be excepted, if negligent. The consequence will be that the time of the appellate Court which, as far as possible, should be devoted exclusively to hearing appeals upon their merits, will be largely taken up with the discussion of mere questions of practice raised by those who, having from indifference or negligence disregarded the regulations which govern the procedure as to appeals, conceive each that his cause should be made an exception to the rules. It is necessary to have some rules of procedure as to appeals, and those prescribed by statute and by this Court are very few and very plain. The only way to avoid a great and useless loss of time is for appellants to obey and for the Court impartially and rigidly to observe them so that an appellant who fails to do so may not take up time in asking to be made an exception.

The rule as to printing the necessary portions of the record was made for the benefit of litigants and to expedite business, and the necessity for adhering to it has been often stated by the Court. *Horton* v. *Green,* 104 N. C., 400; *Hunt* v. *Railroad,* 107 N. C., 447; *Barnes* v. *Crawford,* 119 N. C., 127. Printing the judgment and the issues was at first left to depend upon whether they were material, but so many arguments arose as to whether they were essential and so much time was lost in this way which should have been

devoted to hearing the merits of causes, (*Wiley* v. *Mining Co.*, 117 N. C., 489) that the rule was changed (117 N. C., 869) so as to require the judgment and issues to be printed in all cases. *Thurber* v. *Loan Association*, 118 N. C., 129. As to the "case on appeal," that is always required to be printed in full. When an "exhibit" is made by the Judge or by agreement of counsel a "part of the case on appeal" it must be printed since thereby it has been declared material. To go behind such order of the Judge or such agreement of counsel and to discuss whether such exhibit was, notwithstanding, material or not would be to require the Court to go into the merits of the case to consider this purely incidental matter. It would be a needless consumption of time which can be devoted to better purposes than detaining counsel here in other causes till the court can gravely determine whether a party who wished to save the petty expense of printing a part of the case on appeal, which the Judge or his own agreement had held material enough to be embraced in the case on appeal, ought to have printed it or not. The Court has heretofore declared that it will not delay the hearing of other causes to hear such debate. *Barnes* v. *Crawford, supra*, in which it was said: "Our rules designate the parts of the record to be printed. We cannot accept printing parts of such parts, at the option of the appellant, as a compliance."

The "case on appeal" including everything ordered, or agreed, to be "made a part" thereof is required to be printed. Here, "exhibit "A"" was made a part of the case on appeal by the parties themselves who settled the case upon agreement. The appellant's counsel afterwards chose to regard exhibit "A" as immaterial and did not print it. The appellee's counsel asserts that it is material to the hearing of the appeal. To decide between them, we would have to go

121—24

through the case.   Both  parties  assented  to its  being ma-
terial by putting it in as a part of the "case on appeal".
Not having printed it, the appellant has not complied with
the requirements, long prescribed and uniformly observed
by the Court as necessary, for the proper dispatch of business
here, and the motion to dismiss for such non-compliance
must be granted.

Appeal dismissed.