CALVERT v. CARSTARPHEN.

(Filed September 22, 1903.)

APPEAL—*Brief* — *Printing Brief* — *Rules of Supreme Court* — *Rules 32, 34.*

An appeal will be dismissed for failure of appellant to file printed brief on Tuesday of the week preceding the call of the district to which the cause belongs, unless, for good cause shown, the court shall give further time to print the brief.

DOUGLAS, J., dissenting.

CLARK, C. J. The transcript on appeal was docketed 29th August. The appeal coming from the Second District, the call of which began 8th September, the appellant should have filed his printed brief by 10 A. M. 1st September (Rule 34, 131 N. C., 831), under the penalty therein prescribed, that on failure to do so, "the appeal will be dismissed, on motion of appelle, when the call of that district is begun, unless, for good cause shown, the Court shall give further time to print brief." The motion to dismiss was made by appellee at the beginning of the call of the Second District, 8th September, and no printed brief for appellant being on file and no cause for further time being shown, the appeal was dismissed. On 10th September the appellant moved to re-instate the appeal.

The appellant bases his motion on the ground that there was not sufficient time to print the brief between the filing of the record on Saturday, 29th August, and 10 A. M. Tuesday, 1st September, the date specified in the rule. It is by no means clear that a brief could not be printed in one or two days. Besides, as Rule 32 suggests (131 N. C., 831), the brief might be printed below and sent up with the transscript, for the appellant should certainly know the grounds of his own exceptions, and when the record is printed late,

as in this case, the reference in the brief to the paging of the printed record could be left blank and filled in with a pen before the call of the district to which the appeal belongs.

Then, too, if the appellant had cause he should have moved the Court on 1st September or some day during that week for longer time in which to print a brief. Certainly when the motion to dismiss for want of a printed brief was made at the beginning of the call of the district, 8th September, he should then have had his printed brief ready, and have shown cause why he should be allowed to file it, and have negatived laches. *Pipkin v. Green,* 112 N. C., 355. "A motion to re-instate will not be allowed on an excuse which should have been set up in answer to the motion to dismiss. *Paine v. Cureton,* 114 N. C., 606 ; *Johnston v. Whitehead,* 109 N. C., 207.

It has been repeatedly held that when an appeal has been dismissed for failure to print the record, a motion to re-instate will not be allowed on the ground that the failure to print was the neglect of counsel. *Neal v. Land Co.,* 112 N. C., 841 ; *Dunn v. Underwood,* 116 N. C., 525 ; *Wiley v. Mining Co.,* 117 N. C., 490, and there are other cases, all to the same purport. Printing the brief, like printing the record, is the duty of the client, and as to that matter, his counsel, if charged with that duty, is merely his agent in fact, and the neglect of such agent is the neglect of the client. *Edwards v. Henderson,* 109 N. C., 83 ; *Griffin v. Nelson,* 106 N. C., 235. It is true, counsel must prepare the brief, and so they must also attend to settling the "case on appeal," and the trial below, but if they neglect those duties the client bears the penalty (and not the opposite party) and must look for compensation to his counsel. The dismissal is for failure to print the brief (or the record, as the case may be) and not for failure to prepare them. All courts which require printed briefs and printed records strictly enforce the rule, otherwise

discussions over motions to dismiss and to re-instate might prove more vexatious than printed briefs and records would be beneficial to the Court. We refer, without repeating, to what is said in *Edward v. Henderson,* 109 N. C., 83, and numerous cases there cited. Should there be causes for extension of time, a motion to that end should be made in apt time.

The rules of this Court are mandatory, not directory. *Walker v. Scott,* 102 N. C., 487; *Wiseman v. Commissioners,* 104 N. C., 330; *Edwards v. Henderson,* 109 N. C., 83. As the Constitution, Article I, section 8, provides that "The legislative, executive and *Supreme Judicial Powers* of the government ought to be forever separate and distinct from one another," the General Assembly can enact no rules of practice and procedure for this Court, which are prescribed solely by our Rules of Court. *Herndon v. Ins. Co.,* 111 N. C., 384; 18 L. R. A., 547; *Horton v. Green,* 104 N. C., 400; *Rencher v. Anderson,* 93 N. C., 105. The practice and procedure in the Courts below the Supreme Court are prescribed by the Legislature, as authorized by the Constitution, Art. IV, sec. 12 (*State v. Edwards,* 110 N. C., 511), except that as to such lower Courts, when the Legislature fails to provide the practice and procedure in any particular, this Court can do so. The Code, sec. 961; *Barnes v. Easton,* 98 N. C., 116; *Cheek v. Watson,* 90 N. C., 302.

In England, when Parliament abolished the forms of action and the entire former system of pleading, practice and procedure, it did not itself enact a Code of Procedure and Practice, but empowered the Judges of the higher Courts to do this for all the Courts. Consequently, the entire practice and procedure, civil and criminal (including all forms), in the mother country, are formulated in "Rules of Practice" prescribed by the Judges, and England has the simplest and most advanced system of practice of all English-speaking

countries. In this State, the Rules of Court are the sole Code of Practice for this Court, and are to be observed as strictly as the legislative provisions as to practice in the lower Courts.

The requirements as to printed briefs and records and the times at which they must be filed are the results of long experience and demanded by the necessity of keeping pace with the increasing volume of business. The rules of this Court are to be observed, like the statutory enactments for practice in the lower Courts, until changed.

The appellant not having filed a printed brief at the time required, nor asked in apt time for further time "upon good cause shown," nor negative laches, the motion to re-instate the appeal is denied.

Motion denied.

DOUGLAS, J., dissents.