JAMES B. LEE et al. v. JOHN R. BAIRD et al.

(Filed 14 December, 1907).

**1. Supreme Court Rules—Constitutional Law.**
     The Supreme Court has the sole right to prescribe rules of practice and procedure therein. Article I, section 8, Constitution of North Carolina.

**2. Same.**
     The rules of practice in the Supreme Court prescribed by the Court are mandatory and not directory; and if rules 19 (2) and 21, relating to the duty of appellant in stating the exceptions, etc., relied on, etc., are not complied with, the appeal will be dismissed, except in rare instances and unless cogent excuse is shown.

(The necessity of these rules discussed by HOKE, J., showing that such are necessary for an understanding of the case on appeal and the administration of justice among the parties).

CIVIL ACTION, heard, on exception to report of a referee, before *Cooke, J.,* at March Term, 1907, of the Superior Court of BUNCOMBE County.

There was a large number of exceptions to the report and to the rulings on questions of evidence by both parties, and on the hearing some of them were sustained, some overruled and others modified; and thereupon the court gave judgment that defendants go without day and recover costs, and plaintiffs appealed.

In apt time and proper form, defendants moved to dismiss plaintiffs' appeal, assigning causes, among others, as follows:

"(1) The exceptions are not 'briefly and clearly stated and numbered,' as required by the statute (Revisal, sec. 591, and Rule 27 of this Court).

"(2) The errors alleged are not stated 'separately·in articles numbered,' as required by the statute (Revisal, sec. 591).

"(3) The exceptions relied on are not grouped and numbered immediately after the end of the case on appeal, as required by Rules 19 (2) and 21 (140 N. C., 660).

"(4) Appellants did not file their exceptions in the office of the Clerk of the Court below within ten days after the end of the term at which the judgment appealed from was rendered."

*Merrimon & Merrimon* for plaintiffs.

*Merrick & Barnard, F. A. Sondley* and *D. R. Millard* for defendants.

HOKE, J.   For the reasons above stated, the Court is of opinion that the plaintiffs' appeal should be dismissed, and it is so ordered.

These rules, published in Volume 140, N. C. Reports, p. 660, have been adopted after extended and careful reflection, and because they were found necessary to a proper performance of the public business of the Court, not alone with reference to its reasonable dispatch, but in giving the Court a more accurate understanding of causes on appeal, thereby greatly aiding us to an intelligent consideration of the questions presented, and to a determination of controversies on their real merits.   Furthermore, a proper compliance with the rules here in question (Rule 19, subdiv. 2, and Rule 21) is fair and just to opposing counsel, giving them, as it does, an opportunity to know the positions they will be required to discuss, to the end that they will be better prepared to aid the Court in making true deliverance on the rights of parties, the purpose which we all have most earnestly at heart.   And it may be well here to note that in many instances it would be no fair observance of Rule 19, subdivision 2, simply to make excerpts from a stenographer's notes of any and every exception taken in the hurry and excitement of a *nisi prius* trial; but counsel for appellant, in "grouping and stating" the exceptions relied on by him, should give the matter his earnest consideration, that the Court may also have the benefit of his judgment and fuller information as to the real questions involved in the controversy.   It is not our desire or purpose to

be unreasonable or exacting in respect to this last suggestion. It is made, rather, with the view of impressing upon counsel our deep sense of the importance and value of their giving to the Court, in its decisions of these causes on appeal, the benefit of their reflection and careful preparation.

There is no doubt of the power of the Court to establish the rules in question, and in numbers of decisions we have expressed an opinion both of their necessity and binding force. Thus, in *Walker v. Scott,* 102 N. C., 490, *Merrimon, J.,* for the Court, said: "The impression seems to prevail, to some extent, that the rules of practice prescribed by this Court are merely directory—that they may be ignored, disregarded and suspended almost as of course. This is a serious mistake. The Court has ample authority to make them. Const., Art. IV, sec. 12; The Code, sec. 691; *Rencher v. Anderson,* 93 N. C., 105; *Barnes v. Easton,* 98 N. C., 116. They are deemed essential to the protection of the rights of litigants and the due administration of justice. They have force, and the Court will certainly see that they have effect and are duly observed whenever they properly apply." And in *Horton v. Green,* 104 N. C., 403, the present Chief Justice, in speaking of one of our rules of practice, said: "We have stated this much to show the reasonableness and necessity of the rule, for the power of the Court to make it is as clear as that it is our duty to rigidly adhere to it after it is adopted, and enforce it impartially as to all cases coming under its operation. The late *Chief Justice Pearson* was accustomed to say of the rules of Court: 'There is no use in having a scribe unless you cut up to it.'" And the same Judge, in *Calvert v. Carstarphen,* 133 N. C., 27, 28, on this subject, said: "The rules of this Court are mandatory, not directory." *Walker v. Scott,* 102 N. C., 487; *Wiseman v. Commissioners,* 104 N. C., 330; *Edwards v. Henderson,* 109 N. C., 83. As the Constitution, Art. I, sec. 8, provides that "The legislative, executive and supreme judicial powers of the government ought to be for-

ever separate and distinct from one another," the General Assembly can enact no rules of practice and procedure for this Court, which are prescribed solely by our rules of Court. *Herndon v. Insurance Co.,* 111 N. C., 384; 18 L. R. A., 547; *Horton v. Green,* 104 N. C., 400; *Rencher v. Anderson,* 93 N. C., 105. The practice and procedure in the courts below the Supreme Court are prescribed by the Legislature, as authorized by the Constitution, Art. IV, sec. 12 (*State v. Edwards,* 110 N. C., 511), except that, as to such lower courts, when the Legislature fails to provide the practice and procedure in any particular, this Court can do so. The Code, sec. 961; *Barnes v. Easton,* 98 N. C., 116; *Cheek v. Watson,* 90 N. C., 302. In England, when Parliament abolished the forms of action and the entire former system of pleading, practice and procedure, it did not itself enact a code of procedure and practice, but empowered the judges of the higher courts to do this for all the courts. Consequently, the entire practice and procedure, civil and criminal (including all forms), in the mother country are formulated in "rules of practice" prescribed by the judges, and England has the simplest and most advanced system of practice of all English-speaking countries. In this State the rules of Court are the sole code of practice of this Court, and are to be observed as strictly as the legislative provisions as to practice in the lower courts.

The rules, as they now stand, have been formulated for more than two years. For more than eighteen months they have been published in our reports (140 N. C.) and in several decisions, notably in *Davis v. Wall,* 142 N. C., 451, and *Marable v. Railroad,* 142 N. C., 564, the Court has given decided intimation that, if they are not complied with, the appeal would be dismissed, except in rare instances and unless cogent excuse were shown. There could not well be a case that better illustrates the necessity of the rule we are discussing than the one now before us. The action was com-

menced in 1898, and the record, including the case on appeal, contains 177 pages of printed matter. In 1902 a reference was had, and, after an appeal to the Supreme Court, the order was proceeded with and an account was taken and report made. The report, containing forty-two findings of fact and forty-four conclusions of law, was heard by the Judge on numerous exceptions filed by both of the parties, and on the hearing, as stated, many of these exceptions were overruled, some sustained and others modified, and final judgment was entered that defendants go without day. In the case on appeal, containing 79 pages, the court, at the instance of plaintiffs, and as required to present their objections, embodies a large amount of the testimony taken before the referee, and throughout this testimony appear many objections to the rulings of the referee on questions of evidence. It is well-nigh impossible to gather from the record and case on appeal the questions which the parties regarded as material or important. Certainly it could only be done, if at all, as the result of much labor and an amount of time that would seriously interfere with the proper consideration of other causes that demand and are entitled to consideration.

We are of opinion, as stated, that the motion to dismiss should be allowed, and it is so ordered.

Appeal Dismissed.